OREGON SHORT LINE R. CO. v. JONES et al.

(Three Cases.)

No. 1595.    (80 Pac. 732).

EMINENT DOMAIN—RAILROADS—PRIVATE PROPERTY—ASSESSMENT OF COMPENSATION—INTEREST — STATUTORY PROVISIONS. — Revised Statutes Utah 1898, section 3599, relating to the condemnation of private property for public uses, provides: "For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the service of summons, and its actual value at that date shall be the measure of compensation for all property to be actually taken," etc.    " . . . No improvements put upon the property subsequent to the date of the service of summons shall be included in the assessment of compensation or damages." Section 3601 provides: "The plaintiff must, within thirty days after final judgment pay the sum of money assessed," etc. Section 3603 provides that, when payment has been made by plaintiff, a final order of condemnation must be made, and a copy thereof filed in the county recorder's office, and that thereupon the property condemned shall vest in the plaintiff for the purposes therein specified. Section 3604 provides that at any time after entry of judgment, or pending an appeal therefrom, whenever the plaintiff pays into court for defendant the full amount of the judgment etc., the court may authorize the plaintiff if already in possession to continue therein, and, if not, then to take possession of and use the property until the final conclusion of the litigation. *Held*, that where the owners of property condemned for railroad purposes under

these sections remained in possession and had the use of the property until the final order of condemnation, the service of summons was not a taking of the property, within the meaning of the constitutional provision that "private property shall not be taken or damaged for public use without just compensation," and hence they were not entitled to interest on the assessment of condemnation from the date of the service of summons in the action to verdict, less rents and other benefits of possession received by them during that period. [1]

(Decided April 11, 1905).

APPEAL from District Court, Salt Lake County; S. W. Stewart, Judge.

Actions by the Oregon Short Line Railroad Company against William R. Jones, Jr., and others. From judgments in favor of plaintiff in each case, defendants therein appeal.

AFFIRMED.

*N. V. Jones* for appellants.

*P. L. Williams* and *G. H. Smith* for respondents.

STRAUP, J.

These actions (three of them) were commenced by respondent against appellants to condemn certain lots situated in Salt Lake City. By agreement of parties the actions on appeal are consolidated and this opinion disposes of all of them. Appellants appeal from the final judgment and order of condemnation, and the only question presented is whether the appellants were entitled to interest upon the assessment of compensation, as found by the jury, from the date of the service of summons in the action.

Sections 3593, 3594, Revised Statutes 1898, provide that proceedings for condemnation must be brought in the district court for the county in which the property, or some part

---

[1] Salt Lake City Water & Electrical Power Co. v. Salt Lake City, 67 Pac. 791, 24 Utah, 282.

thereof, is situated, and provide what the complaint must contain. Section 3596 provides that the issues pertaining to the question as to the use to which the property is to be applied is a use authorized by law; that the taking is necessary to such use, and the hearing and determination of other matters not here necessary to enumerate are for the court. Section 3598 provides that:

> "The court, jury, commissioners, or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess: (1) The value of the property sought to be condemned and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein; if it consists of different parcels, the value of each parcel and of each estate or interest therein shall be separately assessed."

It also provides for the assessment of damages, where the property sought to be condemned constitutes only a part of a large parcel, which will accrue to the portion not sought to be condemned by reason of its severance, and the construction of the improvements in the manner proposed, and the amount of damages to the property, though no part thereof is taken, and provides also for the ascertainment and allowance of benefits, and other matters not here important to state. Section 3597 provides that the plaintiff may move the court at any time after the commencement of the suit, on notice, for an order permitting him to occupy the premises sought to be condemned pending the action, and to do such work thereon as may be required for the easement sought, according to its nature, and provides that the court shall take proof, by affidavit or otherwise, of the value of the premises sought to be condemned, and the damages which will accrue from the condemnation, and of the reasons for requiring a speedy occupation, and shall grant or refuse the motion according to the equity of the case and the relative damages which may accrue to the parties. If the motion is granted the plaintiff shall

execute a bond to the defendant, with sureties,. conditioned
to pay the adjudged value of the premises and all damages
and costs.    Section 3599 provides:

> "For the purpose of assessing compensation and
> damages, the right thereto shall be deemed to have
> accrued at the date of the service of summons, and
> its actual value at that date shall be the measure of
> compensation for all property to be actually taken,
> and the basis of damages to property not actually
> taken, but injuriously affected, in all cases where
> such damages are allowed, as provided in the last
> section [3598].    No improvements put upon the
> property subsequent to the date of the service of
> summons shall be included in the assessment of
> compensation or damages."

Section 3601, provides:

> "The plaintiff must, within thirty days after fin-
> al judgment, pay the sum of money assessed," etc.

Section 3602 provides:

> "Payment may be made to the defendants en-
> titled thereto, or the money may be deposited in
> court for the defendants and be distributed to those
> entitled thereto.    If the money be not so paid or de-
> posited, the defendants may have execution as in
> civil cases; and if the money cannot be made  on
> execution, the court upon a showing to that effect,
> must set aside and annul the entire proceedings,
> and restore possession of the property to the defen-
> dants if possession has been taken by the plain-
> tiff."

Section 3603 provides:

> "When payments have been made  .   .   .  as
> required by the last two sections, the court must
> make a final order of condemnation, which must
> describe the property condemned, and the purpose

of such condemnation. A copy of the order must be filed in the office of the recorder of the county, and thereupon the property described therein shall vest in the plaintiff for the purposes therein specified."

Section 3604 provides:

"At any time after the entry of judgment, or pending an appeal from the judgment to the Supreme Court, whenever the plaintiff shall have paid into court for the defendant the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in said proceedings, as well as all damages that may be sustained by the defendant, if for any cause the property shall not be finally taken for public use, the district court in which the proceeding was tried may, upon notice of not less than ten days, authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation," etc.

These actions were commenced by service of summons on the 19th, and the filing of a complaint on the 25th, day of March, 1903, for condemnation of the fee title, and for the actual taking of the whole and of each and every part of said lots. In due time the defendants appeared and answered, denying all the allegations of the complaint, except their ownership of the land and the corporate existence of the plaintiff. Plaintiff did not ask for and did not have the possession of said lots, or any part thereof, before trial and final order of condemnation, and until then defendants remained in and had possession of the same. The cases came on regularly for trial before the court and jury from the general panel on the 15th and 21st days of March, 1904. The only matter submitted to the jury for their determination was the compensation which should be paid to the defendants by the

plaintiff. The court charged the jury that the basis of this compensation should be the value of the land and the improvments thereon pertaining to the realty, and "your assessment of the value of the property is to be based upon what the evidence shows you was the value thereof on the 19th day of March, 1903 [being the date of the service of summons]; and the defendants are entitled to a verdict which will compensate them for the loss of their property to be taken by the plaintiff, and your verdict should be for its actual market value on the 19th day of March, 1903." The defendants requested the court to charge the jury "to compute interest at eight per cent, per annum from the 19th day of March, 1903 [the date of service of summons], to date of rendering verdict, on the aggregate amounts allowed to each of the defendants, deducting therefrom the rental value of the premises from such amount from March 19, 1903, to date of rendering the verdict, and to include and return the same in the verdict.'" The court refused to give this request, which refusal is now here assigned as error.

Under section 3599, appellants urge that the right to compensation accrues and is due on the date of the service of summons, and because thereof, and because no improvements put upon the property subsequent to that date shall be included in the assessment of compensation of damages, there is, when the summons is served, such an interference with the full enjoyment and ordinary benefits of the property by the owner, and such an invasion of his rights thereto, as to amount, in legal effect, to a taking, within the meaning of the Constitution, providing that "private property shall not be taken or damaged for public use without just compensation." And it is claimed, as the property was taken on that date, and as compensation therefor then became due, appellants were entitled to interest thereon from the date of the service of summons to verdict, less rents and other benefits of possession received by them covering the same period. When all the provisions and proceedings relating to the eminent domain act for condemnation of property are considered we are persuaded that appellants' claim cannot prevail. In determin-

ing this claim to interest, much depends upon when, in the proceedings, the taking of the property took place. While the law is most exacting that private property shall not be taken without compensation, still the condemner is not required to make that compensation until he does take, either actually or constructively. The cases cited by appellants on what constitutes a taking are not pertinent to the matter of inquiry. In earlier times it was held that property could be deemed to be taken, within the meaning of constitutional provisions, only when the owner was wholly deprived of its possession, use, and occupation. But a more liberal doctrine has long been established and an actual, physical taking of property is not necessary to entitle its owner to compensation. A man's property may be taken, within the meaning of constitutional provision such as ours, although his title and possession remain undisturbed. To deprive him of the ordinary beneficial use and enjoyment of his property is, in law, equivalent to the taking of it, and is as much a taking as though the property itself were actually taken. Authorities to this affect are numerous, and this principle of law has become embodied in many Constitutions (taken or damaged) and in many statutes. It is so with respect to our own. (Section 3598, Rev. St. 1898.) Upon this principle of law are appellants' cases. The pertinent inquiry here is not as to whether appellants were entitled to compensation for property injuriously affected or damaged, although not actually occupied or to be occupied, for the proceedings and the final order of condemntion were for the condemnation of the fee title, and for the actual possession of the whole and every part of the property. The question as to whether appellants are entitled to compensation for property injuriously affected or damaged, though not actually occupied or to be occupied, as illustrated by the cases cited by them, does not here arise. And if it had arisen, such claim is conclusively answered in their favor by express terms in the Constitution and in the statute. The material point, therefore, here, is not, was there a taking? for such fact must be conceded by every one, but, when did the taking occur? For it is with

respect to the time of the taking that compensation, under the Constitution, must be made. Upon this inquiry appellants' cases are of little aid. If the property shall be deemed to have been taken at the time and by reason of the service of the summons, there is force in the contention that appellants are entitled to interest from that date. But the controlling feature of section 3599 is the fixing of the time with reference to which compensation is to be computed, rather than fixing the time of the taking, or when the property shall be deemed to have been taken. Independent of statute, much diversity of opinion prevails as to time with reference to which compensation is to be computed, and at which the value of the land is to be assessed. Some courts say it should be at the time of entry; some, at the time of the construction of the work, either when begun or completed; some, at the time of the approval of the award (made by commissioners or appraisers); some, on the day of assessment, appraisement or trial; some, at the time of filing petition by the parties seeking to condemn; some, at the time of filing complaint by the landowner to determine his compensation, where entry had already been made and possession had. (10 Am. and Eng. Ency. Law [2 Ed.] 1147, and cases.) To avoid the conclusion resulting from these diverse views, by section 3599 such time was fixed as of the date of service of summons. But it does not at all follow that, because that has been done, the Legislature intended to or did fix that time to be the taking of the property. Where an action for condemnation has been commenced under statutory proceedings. such as we have, in view of what has been said by this court in *Salt Lake City Water, etc., Co. v. Salt Lake City,* 24 Utah 282, 67 Pac. 791, it cannot be said that the service of summons was the taking, within the meaning of the Constitution. From the authorities we find interest allowed in the following cases. From the time of entry or taking of possession by the condemner; from the time possession might have been taken; from the time when the award determines to amount of the condemner's liability. (Notes to *Sennott v. St. Johnsbury, etc., R. Co.,* 30 Am. & Eng. R. Cas. 350; Notes to

*Klages v. Philadelphia & R. T. R. Co.,* 57 Am. and Eng. R. Cas. 488; 4 Rapalje & Mack's Dig. Ry. Law, 724; 10 Am. & Eng. Ency. Law [2 Ed.], 1185; Lewis, Eminent Domain, sec. 499.) There may be found many of the cases upon the subject-matter of interest in this class of cases. Appellants cited cases also to the same effect. But we have not been cited to any case, and we have not found any, holding that interest may be allowed prior to these periods. In those cases where the authorities say the landowner is entitled to interest from the time of the award, there, too, are preliminary or initial steps by the commencement of proceedings in some manner before the appointment, action, and report of the commissioners who make and report the award. And there, too, it will also be observed, the condemner, by statute, is let into possession upon the payment or security of the amount of the award. Here the service of the summons is the first or initial step in the proceedings, and it cannot be said to be analogous to that of making the award by the commissioners determining the amount of liability. The trial and verdict of the jury here are more analogous thereto, for it is that which, under these proceedings, for the first time, determined the amount of the liability. And here, too, the condemner is not given possession, and has no right to a writ of assistance therefor until, in this instance, the jury determined the amount of the award, and the same was paid or secured, and final order of condemnation made. While it is true under section 3597 the condemner may or may not, as the equity of the case is made to appear to the court, be let in possession prior to final judgment, yet he has no such right as matter of course. He may take possession if, under all the circumstances, in the judgment of the court, the equity of the case requires it; otherwise not. But this is much unlike the cases where possession is given as matter of course as soon as the award determines the amount of liability, upon the payment or security of the same. Where action is brought to condemn, and where entry or possession was not made or had, we find no case allowing interest from the time of the commencement of the action or proceeding. To the contrary, we find it de-

clared that interest in such case cannot be allowed pending proceedings for condemnation.

Mr. Justice Gray, in considering a proceeding for condemnation somewhat analogous to the one herein, where it was claimed the landowner was entitled to interest from the filing of maps and the giving of notice, observed:

> "Under the circumstances, and by the express provision of section 18 of this act (Act March 2, 1893, c. 197, 27 Stat. 537), the United States are not entitled to possession of the land until the damages have been assessed and actually paid. The payment of the damages to the owner of the land and the vesting of the title in the United States are to be contemporaneous. The Constitution does not require the damages to be actually paid at any earlier time, nor is the owner of the land entitled to interest pending the proceedings."
> (*Bauman v. Ross,* 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270.

In 15 Cyc., p. 744, it is said:

> "According to the weight of authority, the owner of land condemned is entitled to interest, to be allowed from the time of the taking; and the fact that there has been a delay for many years in bringing a petition for damages seasonably filed to a hearing is immaterial, as it is in the power of either party to bring it to trial. Where, however, by constitutional and statutory provisions, the party who seeks to condemn is not entitled to possession until the damages have been assessed and actually paid, it has been held that the owner of the property condemned is not entitled to interest on the sum assessed as damages for the taking."

In *Shoemaker v. U. S.,* 147 U. S. 282, 13 Sup. Ct. 361, 37 L. Ed. 170, it was said:

"It is true that by the institution of proceedings to condemn the possession and enjoyment to the owner are to some extent interfered with. He can put no permanent improvments on the land, nor sell it, except subject to the condemnation proceedings. But the owner was in receipt of rents, issues, and profits during the time occupied in fixing the amount to which he was entitled, and the inconveniences to which he was subjected by the delay are presumed to be considered and allowed for in fixing the amount of the compensation."

In *South Park Comr's v. Dunlevy et al.,* 91 Ill. 49, it was said:

"On petition to condemn lands for public use, the compensation to be paid must be fixed by the valuation of the property at the date of the filing of the petition, and not at the time of the trial. . . . Under proceedings to condemn land for public use, the filing of the petition is not a taking of the property, and it would be a trespass to take possession before the damages are ascertained and paid. The owner, having the right to the use of the land until the damages are paid, is not entitled to interest on the value of the land from the commencement of the suit to the trial."

While a portion of section 499, Lewis on Eminent Domain, tends somewhat to the support of appellants' claim, yet, when read in connection with the cases cited in support of the text, it is evident the writer meant the language there used to apply to such cases as cited by him, illustrating the text. And the cases cited are, too, those allowing interest from the time when the award determines the amount of liability, or from entry by or possession of the condemner, or from the filing of the complaint by the landowner to determine his compensation, where entry and possession had already been made and had. In those cases holding the compensation to be paid must be fixed by the valuation at the date of the filing

of the petition for condemnation, we do not find any of them where interest was allowed from that date, or where anything more was given than the actual value of the land actually taken or to be taken. (*Chicago, etc., R. Co. v. Catholic Bishop,* 119 Ill. 525, 10 N. E. 372; *Burt v. Wigglesworth,* 117 Mass. 302; *M. P. R. Co. v. Hays,* 15 Neb. 224, 18 N. W. 51; *Oregon, etc., R. Co. v. Barlow,* 3 Or. 311.)

Considering again our statute, it is quite clear it excludes any claim to interest, at least such as is here made. It says in plain terms that the "actual value at that date [service of summons] shall be the measure of compensation for all property to be actually taken," etc.; that is, the Legislature has said the actual value of the land—no more, no less— shall be the compensation to be assessed. Within thirty days after final judgment plaintiff must "pay the sum of money assessed." He can pay no less. The statute does not require him to pay more. He has thirty days within which to make that payment. To also allow interest to be computed in the verdict, the "measure of compensation" is something more and in addition to the "actual value" of the property at the date of service of summons. When the statute says the actual value of the land to be actually taken shall be the measure of compensation, and that plaintiff shall have final order of condemnation upon the payment of the sum of money assessed, it has excluded all other conditions. (*San Fran. & S. J. V. Ry. Co. v. Leviston,* 134 Cal. 412, 66 Pac. 473.) To allow appellants' claim of interest to prevail, we are obliged to read something into the statute not found there. Nor does it come within any of the rules of the cases where interest has been allowed. Here there has been no entry or occupation of the property. Nor was there any time prior to the verdict of the jury when the amount of plaintiff's liability had been determined. Nor was there any time when it could have taken possession and given a writ of assistance therefor until final judgment and order of condemnation. And the authorities seem to be that one or more of these things must be shown to entitle the landowner to interest. We are therefore of the opinion that

the court did not err in refusing the request of appellants.

The judgments of the lower court are affirmed, with costs of this appeal awarded against appellants.

McCARTY, J., concurs.  BARTCH, C. J., concurs in the judgment.