405 P.2d 420

STATE of Utah, by and through its ROAD COMMISSION, Plaintiff and Respondent,

v.

BETTILYON'S, INC., Nolan Oswald and Security Title Company, Defendants and Appellants.

No. 10277.

Supreme Court of Utah.

Sept. 9, 1965.

Verden E. Bettilyon, Salt Lake City, for appellants.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Robert S. Campbell, Jr., Salt Lake City, for respondent.

WADE, Justice:

The Utah State Road Commission, respondent herein, brought this action on July 22, 1963, to condemn about twelve acres of an approximately thirty-six acre wooded tract of land located at about 6200 South and Holladay Boulevard in Salt Lake County and which land was part of a contemplated subdivision by appellants, Bettilyon's Inc. and Nolan Oswald, to be known as the Random Woods Subdivision. The jury awarded appellants damages in the sum of $130,000.00, which has been paid. This appeal is from the refusal of the court to include within the items of damages which could be considered by the jury in making its award the costs incurred by appellants in the planning and platting of the Random Woods subdivision, and the taxes, interest and other items of expense incurred before the Utah State Road Commission commenced this action.

From the record it appears that the entire thirty-six acres were purchased in 1959 by the appellants herein for $170,000.00 plus commissions upon which a down payment was made with the balance to be paid in four annual installments with interest thereon. In June 1960 a preliminary plat for a proposed subdivision to be known as the Random Woods Subdivision was submitted by the appellants to the Planning Commission of Salt Lake County and approved by that Commission. On December

8, 1960 before any further action on the proposed Random Woods Subdivision was taken, the Salt Lake County Planning Commission, acting under the provisions of Salt Lake County Ordinance 9–7–3, as amended,[1] informed the Utah State Department of Highways of appellants' proposed subdivision of the tract of land involved herein. The Utah State Department of Highways thereafter informed the Salt Lake County Planning Commission that some of the land in that tract would be needed for a right-of-way for the construction of a contemplated southeast belt route and suggested it restrict development in this area so as to keep the public investment at a minimum. On January 10, 1961 the Planning Commission deferred action on appellants' final subdivision plat for one year and it did not approve this plat until requested by appellants to do so on May 28, 1963. Appellants did not make this request sooner because they were attempting to negotiate a sale with the State Road Commission of the land which was ultimately condemned.

It is appellants' claim that when the State Road Commission requested the County Planning Commission to defer action on their application for subdivision of the lands involved herein which resulted in a loss of the use of their lands during the three and one-half years waiting period before condemnation proceedings were commenced by the respondent, that this deferment amounted to a "taking" of their property at that time and the expenses incurred for platting, taxes, interest from January 10, 1961 and other items of expense during that period should have been included as items which the jury should have considered in arriving at the damages to be awarded appellants for the taking of their land.

 Such a contention ignores the provisions of our eminent domain statutes. This court has held that under those statutes the measure of compensation or damages is the actual value of the land on the date the summons is served or the land actually taken, which is the case here. That this means that the measure of compensation of land actually taken is the market value of the land on that date, no more and no less. Interest accrues only from the time of actual taking of possession by oc-

1. 9–7–3 Parks, School Sites and Other Public Spaces: (1) Provisions for Public Use. When a preliminary plat is submitted for the division of property a part or all of which is deemed suitable by the Planning Commission for schools, parks, playgrounds or other areas for public use, the Planning Commission shall apprise the proper agency in writing of the property owner's intent to subdivide. If any such areas proposed for public use have not been freely dedicated to the public by the owner or have not been purchased at a fair price by the proper agency within one (1) year from the date of notification, such areas may be divided into lots and sold in accordance with the provisions of this Title.

cupation or entry or upon final judgment and order of condemnation.[2]

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.

2. Oregon Short Line R. Co. v. Jones, 29 Utah 147, 80 P. 732, and State, By and Through Its Engineering Commission v. Peek, 1 Utah 2d 263, 265 P.2d 630. See also Sec. 3599, Revised Statutes of Utah, 1898, and Sec. 78–34–11, U.C.A.1953.