TOWN OF SWAMPSCOTT *vs.* HARRY REMIS & others.

Essex.    February 9, 1966. — April 5, 1966.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Eminent Domain,* Judicial condemnation proceeding, Interest, What constitutes taking. *Interest. Constitutional Law,* Eminent domain, Due process of law.

Summary of the provisions of G. L. c. 80A respecting eminent domain takings by judicial condemnation proceedings.    [525–526]
The facts, that in a proceeding for judicial condemnation of land under G. L. c. 80A there is no provision for payment of interest on damages or other compensation for the period between adoption of the order of intention to take and the entry of judgment of condemnation, and that during such period the landowner, although in possession, cannot sell the land, nor profitably make improvements thereof, nor derive any substantial income therefrom, do not show a violation of art. 10 of the Declaration of Rights of the Massachusetts Constitution or of the Fourteenth Amendment of the Federal Constitution, nor make void the order of intention to take.    [529]

PETITION filed in the Superior Court on February 19, 1964.

The case was reported by *Ponte,* J.
*Charles M. Ewing* for the petitioner.
*Gerald Gillerman* for the respondents.

WILKINS, C.J.    This is a petition by the town of Swampscott against Harry Remis and the executors and trustees

of the estate of Abraham S. Burg to establish its right to take by eminent domain certain real estate and to determine damages. G. L. c. 80A, § 4, inserted by St. 1929, c. 380, § 1. The respondents dispute the right of the petitioner to take their real estate on the ground that the proceedings deny them reasonable compensation in violation of art. 10 of the Declaration of Rights of the Constitution of the Commonwealth and of the Fourteenth Amendment of the Constitution of the United States. The question for decision is whether the failure to provide compensation, in the form of interest or otherwise, for the period between the adoption of the order of intention to take (§ 2) and the entry of judgment of condemnation is a violation of either Constitution in the respects noted, and makes void the order of intention to take. After hearing, a judge of the Superior Court found the facts, and, being of the opinion that substantial questions of law are involved, stayed further proceedings, and reported the case to this court. The evidence is reported.

The real estate consists of approximately 134,250 square feet of unimproved land in a residential area and has a frontage on the Atlantic Ocean of approximately 500 feet. On April 4, 1961, at the annual town meeting it was voted to take the real estate pursuant to c. 80A "for the establishment, maintenance and operation of the area for purposes of bathing, swimming, recreation and physical activity." On February 6, 1964, the board of selectmen adopted an order of intention to take under c. 80A, § 2, and declared the amount of the award to be $2,500. Since that date, the respondents have been in possession. Prospective purchasers have ceased negotiations upon being informed of the pending proceedings, and the land has become unmarketable. Chapter 80A, § 12 (as amended through St. 1964, c. 478, § 1), provides in pertinent part as follows: "The taking shall become absolute and the right of the body politic to the real estate . . . and the right of the respondents to compensation or damages shall vest upon the entry of . . . judgment of condemnation, and it [the body politic]

shall have immediate right of entry and possession . . . .
The compensation or damages shall be payable when
vested, or as soon thereafter as they are finally determined,
and if not then paid may be recovered in an action of con-
tract. . . . Compensation and damages shall be assessed
as of the date of the adoption of the order, and shall bear
interest . . . from the date when the right to damages be-
comes vested until payable, but shall not bear interest after
they are payable unless the body politic fails upon demand
to pay the same to the person entitled thereto. The body
politic shall not pay compensation or damages to any per-
son in excess of its estimate, except in accordance with an
award of the commissioners, nor in excess of the award of
the commissioners, except as amended in accordance with a
verdict of the jury.''

This is the first case under c. 80A to reach this court.
This chapter authorizes eminent domain proceedings quite
unlike those under G. L. c. 79. Under c. 80A a board of the
town must adopt an order of an intention to make a taking
(§ 2), notice of which must be sent to interested parties by
registered mail forthwith, and must be posted on the land,
and the order (of intention) must be recorded in the reg-
istry of deeds within ten days after its adoption (§ 3).
Within ten days of recording, a petition instituting a pro-
ceeding in rem is to be filed in the Superior Court (§ 4).
If the answer impugns validity or regularity of the pro-
ceedings (§ 5), the issue is heard before further hearings
(§ 7). If an order is entered (in the Superior Court)
establishing the right to take, commissioners are appointed
to hear and determine any issue as to the sufficiency of com-
pensation or damages (§ 8). Following the establishment
of the right to take, the court on motion of the petitioner
enters an interlocutory judgment of condemnation (§ 11).
Any person aggrieved by the determination of the commis-
sioners with respect to his compensation or damages may
have a jury redetermine these issues, and the commission-
ers' report is amended accordingly (§§ 9, 10). The report,
as amended, shall be presented to the Superior Court for

confirmation. The report is final as to facts, but questions of law are open in the Superior Court subject to review by this court. After thirty days from final confirmation of the report, or, if affirmed by this court, from the date of rescript, final judgment of condemnation shall be entered on motion of the petitioner. If final judgment is not entered within six months from the confirmation of the commissioners' report or from the rescript, the petition shall be dismissed upon motion of a party respondent (§ 10). The petitioner may discontinue the proceedings at any time before final judgment, but in that event the respondents are entitled to recover "indemnity in full" (§ 11). Right to damages vests upon entry of final or interlocutory judgment of condemnation and the "body politic" may enter and take possession. Damages shall be payable when vested, or as soon thereafter as they are finally determined, and shall be assessed as of the date of the adoption of the order of intention to make a taking. Interest is payable only from the date when the right to damages becomes vested (§ 12).

There is no Massachusetts decision which supports the respondents' claim. Cases dealing with zoning and regulations of public bodies, which the respondents cite as indistinguishable in substance, do not reach the point. *Commonwealth* v. *Boston Advertising Co.* 188 Mass. 348. *Barney & Carey Co.* v. *Milton,* 324 Mass. 440. *Gem Properties, Inc.* v. *Board of Appeals of Milton,* 341 Mass. 99. *Jenckes* v. *Building Commr. of Brookline,* 341 Mass. 162. See *Commissioner of Natural Resources* v. *S. Volpe & Co. Inc.* 349 Mass. 104. Compare *Sullivan* v. *Commonwealth,* 335 Mass. 619.

The enactment of legislation authorizing the condemnation of property does not constitute a taking, properly defined, which entitles an owner to compensation, nor does the filing of a petition without assuming possession have such an effect. Changes in value due to these causes are no more than incidents of ownership in a jurisdiction such as ours where all land is subject to the exercise of the power

of eminent domain. *23 Tracts of Land* v. *United States,* 177 F. 2d 967, 969–970 (6th Cir.). *Government of the Virgin Islands* v. *50.05 Acres of Land,* 185 F. Supp. 495, 498 (D. Virgin Islands). *Mills* v. *Forest Preserve Dist. of Cook County,* 345 Ill. 503, 509. *Eckhoff* v. *Forest Preserve Dist. of Cook County,* 377 Ill. 208, 214. *Lancaster* v. *Kennebec Log Driving Co.* 62 Maine, 272. *Hamer* v. *State Highway Commn.* 304 S. W. 2d 869, 872 (Mo.). See *Sorbino* v. *New Brunswick,* 43 N. J. Super. 554, 569–570.

A statement of Chief Justice Shaw on the subject of interest has been much quoted: "The true rule would be, as in the case of other purchases, that the price is due and ought to be paid, at the moment the purchase is made, when credit is not specially agreed on. And if a pie-powder court could be called on the instant and on the spot, the true rule of justice for the public would be, to pay the compensation with one hand, whilst they apply the axe with the other; and this rule is departed from only because some time is necessary, by the forms of law, to conduct the inquiry; and this delay must be compensated by interest." *Parks* v. *Boston,* 15 Pick. 198, 208.

In this Commonwealth the point in time when interest commences to accrue for nonpayment has been fixed at the formal taking or vesting of title. *Imbescheid* v. *Old Colony R.R.* 171 Mass. 209. *Hay* v. *Commonwealth,* 183 Mass. 294, 294–296. In several cases statutes[1] have been construed to fix the time when compensation is due and interest begins to accrue for its nonpayment at the time of entry on the land or actual possession. *Edmands* v. *Boston,* 108 Mass. 535, 550–551. *Norcross* v. *Cambridge,* 166 Mass. 508, 510–513. *Pegler* v. *Hyde Park,* 176 Mass. 101, 103–104. *Mayor & Aldermen of Taunton, petitioners,* 290 Mass. 118, 122–123. In the latter cases the court found no constitutional right to compensation and interest at the time of the formal taking. Thus in the *Norcross* case (p. 511) it was said, "[W]e should hesitate to say that a

---

[1] See, e.g., Pub. Sts. c. 49, § 14.

statute which permits the damages to be assessed as of the date of the formal taking, but postpones interest till possession is actually taken, does not provide the 'reasonable compensation' which the Constitution requires.'' This is because the Legislature considered that in ordinary cases the use of the land would compensate the owner sufficiently for the delay in payment. *Edmands* v. *Boston, supra,* 551. *Norcross* v. *Cambridge, supra,* 511. *Mayor & Aldermen of Taunton, petitioners, supra,* 122–123. *Nichols* v. *Commissioner of Corps. & Taxn.* 314 Mass. 285, 300. Nichols, Eminent Domain (Rev. 3d ed.) §§ 8.63, 8.63 [1], pp. 150–151, 175.

Decisions of the Supreme Court of the United States clearly set forth the view that the right to interest does not accrue at an early step in eminent domain proceedings. ''Under the Constitution, . . . the United States are not entitled to possession of the land until the damages have been assessed and actually paid. The payment of the damages to the owner of the land and the vesting of the title in the United States are to be contemporaneous. The Constitution does not require the damages to be actually paid at any earlier time; nor is the owner of the land entitled to interest pending the proceedings.'' *Bauman* v. *Ross,* 167 U. S. 548, 598. *Shoemaker* v. *United States,* 147 U. S. 282, 321. *Danforth* v. *United States,* 308 U. S. 271, 285–286. See generally *United States* v. *Rogers,* 255 U. S. 163, 167–170; *Seaboard Air Line Ry.* v. *United States,* 261 U. S. 299, 302–306; *Brooks-Scanlon Corp.* v. *United States,* 265 U. S. 106, 123; *Liggett & Myers Tobacco Co.* v. *United States,* 274 U. S. 215, 218–220; *Jacobs* v. *United States,* 290 U. S. 13, 16–18; *United States* v. *Dow,* 357 U. S. 17, 21–24.

Other courts have expressed similar views as to the point in time at which interest begins to accrue. *United States* v. *Nahant,* 153 Fed. 520, 525 (1st Cir.). *Hingham* v. *United States,* 161 Fed. 295, 299–300 (1st Cir.). *Kirby Lumber Corp.* v. *Louisiana,* 293 F. 2d 82, 87–88 (5th Cir.). *Petition of the Trustees of the N. Y. & Brooklyn Bridge,* 137 N. Y. 95, 99. See Nichols, Eminent Domain (Rev. 3d ed.) §§ 8.63,

8.63 [1], pp. 150–151, 174–180.   Annotation, 36 A. L. R.
2d 337, 443–458.   29A C. J. S., Eminent Domain, § 176 (2),
pp. 774–780.

The time for payment of interest may be fixed by statute
at an earlier point in the proceedings than required by the
Federal or State Constitution.   "Where the condemnation
is free from statutory direction, as here, there would be no
interest before the taking."   *Danforth* v. *United States,*
308 U. S. 271, 285–286.   See *Brown* v. *United States,* 263
U. S. 78, 84–88; *Weiser Valley Land & Water Co.* v. *Ryan,*
190 Fed. 417 (9th Cir.); *State* v. *Coney,* 45 Hawaii, 650;
*Independent Sch. Dist. of Boise City* v. *C. B. Lauch Constr.
Co.* 78 Idaho, 485, 488–497; *Oregon Short Line R.R.* v.
*Jones,* 29 Utah, 147, 152–159.

That, pending judgment of condemnation, the respond-
ents' land cannot be sold, nor improvements profitably
made, nor substantial income derived, are all factors which
might commend the fairness of an allowance for interest,
but do not convert the taking, when completed, into a dep-
rivation of property without compensation.   There has
been no finding that the property is completely unusable.
Nothing in the reported evidence or in the findings requires
such an inference.   The land with a substantial frontage on
the Atlantic Ocean adjoins a beach, and has a beach house.
From testimony of one of the respondents we find that
automobiles can be parked on the premises.   It is clear that
the land is still usable for all the recreational purposes for
which the town desires to own it.   The respondents be-
yond question have the important right of control.

Let a final decree be entered declaring that "the fail-
ure" of G. L. c. 80A "to provide compensation, in the form
of interest or otherwise, for the period between the adop-
tion of the order of intention to take and the entry of the
judgment of condemnation" does not constitute a violation
of art. 10 of the Declaration of Rights of the Constitution of
the Commonwealth and of the Fourteenth Amendment of
the Constitution of the United States, and does not make
void the order of intention to take the respondents' land.

*So ordered.*