Con G. Cholakis, J.
Certain of defendant’s properties were acquired, through condemnation, by the plaintiff. In accordance with the proper provisions of law, an advanced payment of $390,000 was made to the defendant. Following the trial of the issues, the commissioners of appraisal awarded the defendant the sum of $457,000 as just compensation for the property taken by the plaintiff.
Upon motion of the defendant, and consent of the plaintiff, the court on December 28, 1976 confirmed the findings of the commissioners of appraisal, ordered the plaintiff to pay to the defendant the sum of $67,000, that being the balance due on the award, and fixed the compensation for each of the commissioners of appraisal. By consent of the parties, the court reserved and retained jurisdiction over three additional issues raised by defendant’s motion. They are:
(1) Fixing the rate of interest on the $67,000 at 8 Vi%.
(2) Allowing the defendant to tax its expert’s fees of $13,863.07 as a disbursement.
(3) Granting to the defendant an additional allowance of 5% on total award.
In matters of condemnation, the condemning authority and the party whose property is being taken do not start out on an even footing. The unreluctant property owner cannot refuse to sell nor can he stand in the way of the sovereign’s right to take his property. The property owner is, however, entitled to just compensation for his loss and when the compensation is deferred until a later time, the property owner is entitled to interest. Payment, at a subsequent date, of the value of the taken land as of the date of taking possession is not sufficient to constitute just compensation without the inclusion of a proper rate of interest. (Seaboard Air Line Ry. Co. v United States, 261 US 299.)
There are various provisions of law which set the interest rate in various proceedings; interest rate of claims against the State shall not exceed 6% per annum (State Finance Law, § 16); rate of interest to be paid by a municipal corporation arising out of condemnation proceedings shall not exceed 6% per annum (General Municipal Law, § 3-a, subd 2).
The determination of the proper rate of interest, however, is *242 necessarily a judicial function which the Legislature may not usurp (City of Buffalo v Clement Co., 28 NY2d 241). However, the statutory rate of interest must be considered as presumptively reasonable and it seems that the burden is upon the defendant to show that some other legal rate must be paid to afford just compensation (City of Buffalo v Clement Co., supra).
In its attempt to meet the burden placed upon it, the defendant alleges that the legal rate of interest now exceeds 6% per annum.
The banking board has the legal right to prescribe the rate of interest upon any law or forebearance of any money, goods or things in action. (General Obligations Law, § 5-501.)
It appears that the banking board has set that legal rate at 8.5% per annum as of October 11, 1973.
In addition to relying upon this general interest rate as set by the banking board, the defendant by affidavit of its vice-president and cashier, alleges that the average interest return to defendant for the period of November, 1974 through 1976 is 8.7%. Defendant fails to set forth what its various investments returned to it. We must assume that some of its investments yield a return in excess of 8.7% per annum and some yield a return less than 8.7% per annum. Of course, prudent business practices and prudent banking call for a higher return of capital in certain investments than in others.
The mere fact that certain investments can and do yield a return in excess of 6% does not, in and of itself, render the statutory rate unreasonable.
In the court’s opinion the defendant has not met its burden of overcoming the presumption that 6% per annum is a reasonable rate of interest. The court, therefore, sets 6% per annum as the interest applicable to this case.
Since the award of the commissioners exceeded the amount of the offer made by the plaintiff, it is entitled to a bill of costs and disbursements. (Condemnation Law, § 16, subd 2.) The defendant alleges that it incurred the sum of $13,863.07 for appraisals, trial preparation with its witnesses and the cost of the witnesses for testifying at the condemnation proceedings. A prevailing party is entitled, in addition to the other disbursements, "such other reasonable and necessary expenses as are taxable according to the course and practice of the court, by express provision of law or by order of the court.” (CPLR *243 8301, subd [a], par 12.) It seems to the court that in order for the defendant to prevail it is necessary that it be shown that these expenses were reasonable in addition to being necessary. It is of course obvious that appraisals, trial preparation and expert testimony are necessary in the trial of a condemnation proceeding. However, in the court’s opinion there has been no showing that these expenses were reasonable and, in the court’s judgment, cannot be allowed. Furthermore, there has been no showing that the taxation of these disbursements are authorized by course and practice of the court or by express provision of law. (Matter of Ulster Sewer Improvement; Town of Ulster v Horowitz, 54 AD2d 808.)
The defendant further moves for an additional allowance of costs of 5% upon the amount awarded pursuant to subdivision 2 of section 16 of the Condemnation Law. It is clear that the court can award additional costs of up to 5% when the ultimate award exceeds the original offer of the condemning authority. There are many circumstances which the court may take into consideration in determining whether additional costs shall be awarded and, if so, what the percentage of additional costs shall be. While the difficulty of the proceedings may be a matter to be considered, it also appears that the court can award additional costs if it does so solely to indemnify the property owner against the costs and expenses reasonably incurred to ascertain the true value of its property. (Power Auth. of State of N. Y. v Wustrack, 10 NY2d 730.) In reviewing all of the defendant’s allegations, including attorney’s fees and experts’ fees, even though the court is not passing upon their reasonableness, the court is of the opinion that the defendant is entitled to an additional allowance of costs of 5% upon the total award.