Memorandum. We agree with the Appellate Division that claimant has not demonstrated that the validity of the statutory prejudgment interest rate of 6% is constitutionally infirm. Compensation accruing at the time of vesting and for the period prior to an award in a condemnation proceeding "is payable as a substitute for the beneficial use of real property” (Matter of Rochester Carting Co. v Levitt, 36 NY2d 264, 268). Such compensation is awarded in these cases upon the theory that it is necessary to make it full compensation for the loss sustained by the landowner, and we are unable to agree with the claimant that the statutory rate of interest as provided in subdivision 2 of section 3-a of the General Municipal Law and section 16 of the State Finance Law is in conflict with the constitutional right of just compensation. The result we here reach is not unreasonable and lends stability to the mandate for the payment of full and equitable compensation as fixed by the Legislature. The appropriate interest rate is not measured by particular fluctuations in categories of interest rates for public or private securities or lending. So long as the statutory rate constitutes a judicially acceptable, fair return for the *851 deprivation of the use of that property or the money equivalent of that use, either or in combination, the statutory rate should be considered proper.
The order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.