**1254**

CITY OF SOUTH OGDEN, a Municipal Corporation, Plaintiff and Appellant,

v.

Emma K. FUJIKI; Kayji Oka and Ruth Oka, his wife; Noel Okamoto and Susie S. Okamoto, his wife, Defendants and Respondents.

Nos. 16902–16904.

Supreme Court of Utah.

Dec. 11, 1980.

Richard L. Stine, Ogden, Glen E. Fuller, Salt Lake City, for plaintiff and appellant.

WILKINS, Justice:

These cases are consolidated as they involve the same issue of law. The defendants in each case were owners of unimproved real property, adjacent to each other, which Plaintiff City condemned for the purpose of building a new City complex. In the respective complaints the City prayed that the Court determine the amount to be paid to defendants as just compensation, and also prayed for immediate occupancy. Defendants' counsel accepted service on behalf of each defendant on October 25, 1978, and on October 27, 1978, sent answers to the City's counsel. In their answers, defendants admitted all of the allegations of the complaints and prayed that the matter of just compensation be set for jury trial and interest be paid thereon from the date of the acceptance of service.

A pre-trial conference was held regarding these three cases on November 19, 1979. At that time, the District Court, Weber County, determined that as the complaints prayed for immediate occupancy, and the defendants had admitted all of the allegations of the complaints, the City could have taken occupancy at any time. The Court entered its order that interest on the awards be paid by the City from the date of the answers, October 27, 1978. Later, the parties stipulated to the amounts of just compensation to be paid for the properties,

the City reserving the right to appeal the issue of the commencement of interest.

The City did not move for immediate occupancy, and no order therefor was entered pursuant to Section 78–34–9.[1]

Section 78–34–9 provides:

> ... and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 8% per annum on the amount finally awarded as the value of the property and damages, from the date of taking actual possession thereof by the plaintiff or order of occupancy, whichever is earlier...

■ Compensation to be awarded in a condemnation case is the value of the property as of the date of the service of summons, and no improvements made to the property after that date are awardable to the property owner, under Section 78–34–1. Interest, under Section 78–34–9, above, is paid from the date of actual possession, and not from the time of the service of the summons. Defendants argue that during the year between the service of summons and the entry of judgment in these cases, real property values appreciated at an annual rate of 15% to 20%. They contend that a denial both of such appreciation and interest during that year, violates Article I, Section 22, Utah Constitution: "Private property shall not be taken or damaged for public use without just compensation." But it is well settled in this State that Section 78–34–9, above, providing that interest shall be paid only from the time of actual possession by the condemnor, does not violate the constitutional mandate. See *Oregon Short Line v. Jones*, 29 Utah 147, 80 P. 732 (1905); *State v. Peek*, 1 Utah 2d 263, 265 P.2d 630 (1953).

The sole issue in these cases, therefore, is whether the City was, as defendants contend, in "actual possession" of the land by reason of the City's prayer for immediate occupancy and the defendants' answers which admitted all allegations of the complaints.

Defendants' argument, both to the District Court and here, is that they relied on the City's representations that it needed immediate occupancy, and abandoned and surrendered the premises to the City by admitting all of the allegations of the complaints. Defendants contend that they did not continue to farm this land, as they had previously, after the date of their answers.

■ The difficulty with defendants' argument is that while they may not have farmed the property, neither did the City enter upon the property, or begin to grade or construct the City complex, prior to the date judgment was entered herein. Also, in its pre-trial order, the Court noted that no actual possession had been taken by the City. The award of interest from the time of the answers was, therefore, contrary to the statutes and also our previous judicial pronouncements,[2] and the Court erred therein.

Reversed and remanded for modification of the judgments in these cases to allow interest only from entry of judgment. No costs awarded.

CROCKETT, C. J., HALL and STEWART, JJ., and DURHAM, District Judge, concur.

MAUGHAN, J., does not participate herein.

---

1. All statutory references are to Utah Code Ann., 1953, as amended.

2. See *Jones*, and *Peek*, both supra. See also *State v. Bettilyon, Inc.*, 17 Utah 2d 135, 405 P.2d 420 (1965).