665 P.2d 1007

TUCSON AIRPORT AUTHORITY, an Arizona non-profit corporation, Plaintiff/Appellant/Cross Appellee,

v.

Albert FREILICH, Albert Freilich, as Trustee of Testamentary Trust of Hannah Freilich, deceased, Defendant/Appellee/Cross Appellant.

No. 2 CA–CIV 4220.

Court of Appeals of Arizona, Division 2.

May 12, 1982.

Rehearing Denied June 24, 1982.

Review Granted Sept. 9, 1982.

Bilby, Shoenhair, Warnock & Dolph, P.C., by James F. Morrow, Tucson, for plaintiff/appellant/cross appellee.

Stubbs & Townsdin, P.C. by Robert C. Stubbs and G. Lawrence Schubart, Tucson, for defendant/appellee/cross appellant.

## OPINION

HOWARD, Chief Judge.

This is an appeal and cross-appeal in an eminent domain proceeding. The trial court, sitting without a jury, awarded appellee $553,630 for the land taken (a total take) plus interest at the legal rate of 10% per annum dating from the entry of an order for immediate possession.

The subject property consisted of 158.18 acres of unimproved desert land and was located next to Ryan Field in Pima County. The landowner's representative had been approached many years ago by appellant and was asked not to sell the land since appellant was going to need it sometime in the future for the expansion of Ryan Field. Appellant promised that when it did take the property it would pay a fair price for it. The landowner agreed to hold the property and felt over the years to be morally obligated to keep his promise.

Unable to settle on a price for the property, appellant filed this action and a summons issued on December 20, 1979. On May 13, 1980, pursuant to stipulation, an order of immediate possession was entered allowing appellant to take possession of .47 acres of specifically described land in order to construct a small building to house a radar device and a road leading to it.

After hearing the evidence, the trial court made findings of fact and conclusions of law. It found, inter alia, that appellant's pretrial possession of the .47 acres amounted to an effective taking of the entire 158.-18 acres and awarded interest from May 13, 1980, the date of the entry of the order of immediate possession, at a rate of 10% per annum, the statutory rate of interest on judgments.

## THE APPEAL

There are two issues raised by appellant: (1) Does the evidence support the trial court's finding that the immediate possession was an effective taking of the entire acreage? (2) If not, is the condemning authority still responsible for interest on the total amount of compensation when it takes immediate possession of only a portion of the property it intends to condemn?

■ As for the first issue, the record is totally devoid of any evidence to support the trial court's finding. This was vacant desert land being held for the Airport Authority. The narrow road and radar shack occupied an insignificant portion of the property. This is amply demonstrated by the aerial photographs which were introduced into evidence. The immediate possession was no more of a taking of the entire property than the issuance of a summons and it is well established that the issuance of a summons does not constitute a taking of the property. Cf., *Weintraub v. Flood Control District of Maricopa County*, 104 Ariz. 566, 456 P.2d 936 (1969); *Gardiner v. Henderson*, 103 Ariz. 420, 443 P.2d 416 (1968); see also *United States v. Certain Property Located in the Borough of Manhattan, City, County and State of New York*, 374 F.2d 138 (2nd Cir.1967).

■ On the second issue, neither party has been able to find any authority on point and we have found none in our independent research. Appellee argues for a per se rule. In other words, any occupation by the condemning authority under an order of immediate possession of any part of the land which is going to be condemned would result in the imposition of interest from the date of the order of immediate possession under A.R.S. § 12–1123(B) which provides that, "If an order is made letting the plaintiff into possession prior to final judgment,

the compensation and damages awarded shall draw legal interest from the date of the order ...." In other words, under appellee's theory, the condemning authority would know that if it wants immediate possession it must take immediate possession of the whole. While this rule may have the virtue of simplicity, it lacks logic and would be punitive in application. Suppose, for example, that in this case the condemning authority wanted immediate possession in order to place a water pump on a three-foot corner of the property. Should the condemning authority be held liable for interest on the total amount eventually awarded from the date of the order of immediate entry in such a case? We think not. Interest is awarded from the date of the order of the immediate possession by the statute under the theory that the order takes away from the landowner the right to use the property described in the order. The rationale behind the statute is not served by allowing prejudgment interest on that part of the compensation and damages accruing to land not covered in the order for immediate possession. While we can envision a situation where an order for immediate possession may result in an interference with use of the rest of the landowner's property such as to be an effective taking, that is not the case here.

The trial court erred in not confining pretrial interest to that portion of the award attributable to the .47 acres.

## THE CROSS–APPEAL

Cross-appellant presents these issues for review: (1) Does the constitutional guarantee of just compensation require payment of interest from the date of the summons? (2) Does the failure of the condemning authority to make a reasonable settlement offer require the payment of interest from the date of the summons? (3) Does A.R.S. § 12–1123(A) mandate payment from the date of the summons? (4) Did the trial court err in only allowing statutory interest on the judgment rather than a reasonable rate of interest?

■ Assuming, arguendo, that an unreasonable offer to settle authorizes the court to impose interest from the date of the summons, cross-appellant did not introduce any evidence of the amount of the offer and has thus failed to sustain its burden of proof on this issue.

■ The constitutional requirement imposed on the condemning authority is found in Art. 2, Sec. 17 of the Arizona Constitution which requires it to pay the landowner "just compensation" for the taking or damaging of his property for public or private use. In order to determine the point of time when the taking occurs, the punctum temporis, the legislature enacted A.R.S. § 12–1123(A) which states:

"For the purpose of assessing compensation and damages, the right to compensation shall be deemed to accrue at the *date of the summons,* and its actual value at that date shall be the measure of compensation and damages." (Emphasis added)

Cross-appellant contends that both the Arizona Constitution and A.R.S. § 12–1123(A) require payment of interest from the date of the issuance of the summons if the land is vacant land. We do not agree.[1]

The constitutional issue is answered in *Shoemaker v. United States,* 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170 (1893), where the court, in upholding the failure to award interest from the date of the initiation of the proceedings, said:

" * *. * No agreement to pay the interest demanded is pointed to, and no failure to pay the amount assessed took place. That amount was not fixed and ascertained till the confirmation of the report. * * *

It is true that, by the institution of proceedings to condemn, the possession and enjoyment by the owner are to some ex-

1. Alaska and New Jersey hold otherwise and draw a distinction between a total take of improved and unimproved land. See *Stewart & Grindle Inc. v. State,* 524 P.2d 1242 (Alaska 1974) and *State v. Nordstrom,* 54 N.J. 50, 253 A.2d 163 (1969). We are not persuaded by the reasoning in these cases.

tent interfered with. He can put no permanent improvements on the land, nor sell it, except subject to the condemnation proceedings. But the owner was in receipt of the rents, issues, and profits during the time occupied in fixing the amount to which he was entitled, and the inconveniences to which he was subjected by the delay are presumed to be considered and allowed for in fixing the amount of compensation. * * *" 13 S.Ct. at 394.

See also *City of Los Angeles v. Gager,* 10 Cal.App. 378, 102 P. 17 (1909), which quotes *Shoemaker* and holds:

" * * * Until a citizen is deprived of possession of the property sought to be condemned his right to the use and enjoyment thereof as it stood at the time of commencing the action is in no wise abridged. Therefore it cannot, in a legal sense, be said that he is damaged until the actual taking of the property." 102 Pac. at 19.[2]

And in the case of *Orono-Veazie Water District v. Penobscot County Water Company,* 348 A.2d 249 (Me.1975), the court states:

"Absent a statutory provision requiring the payment of interest, the owner of the land is not entitled to interest for any period prior to the date of taking, including the time during which the condemnation proceedings may be pending, and such an omission in the statutory scheme of the eminent domain process does not offend the constitutional guarantees of 'just compensation.' See *Trustees of New York & Brooklyn Bridge v. Clark,* 1893, 137 N.Y. 95, 32 N.E. 1054; *Norcross v. City of Cambridge,* 1896, 166 Mass. 508, 44 N.E. 615; *Town of Swampscott v. Remis,* 1966, 350 Mass. 523, 215 N.E.2d 777; *Bauman v. Ross,* 1897, 167 U.S. 548, 598, 17 S.Ct. 966, 985, 42 L.Ed. 270; *Oregon Short Line R. Co. v. Jones,* 1905, 29 Utah 147, 80 P. 732; *Kirby Lumber Corporation v. State of Louisiana,* 1961, 5 Cir., 293 F.2d 82."

Thus, it can be seen that constitutionally the legislature could provide that compensa-

tion and interest commence when the condemning authority takes possession of the property. This principle was recognized in *Desert Waters, Inc. v. Superior Court,* 91 Ariz. 163, 370 P.2d 652 (1962), the court holding that while the legislature can make the date of the summons, the date of trial, or some other date the punctum temporis, entry under an order of immediate possession prior to judgment requires the condemning authority on constitutional grounds to pay interest from the date of the entry.

Cross-appellant argues that since interest is part of "just compensation" the very language of A.R.S. § 12–1123(A) compels the conclusion that the legislature meant interest to be paid as of the date of the summons. We do not agree. This argument was rejected by Idaho which, in the case of *Independent School District of Boise City. v. C.B. Lauch Construction Company,* 78 Idaho. 485, 305 P.2d 1077 (1957), interpreted a statute almost identical to ours and stated:

" * * * The statute does not give the owner the right to compensation at the date of the summons. It merely provides that the right shall *be deemed* to accrue at that date 'for the purpose of assessing compensation and damages.' In other words, it fixes the time as of which the value of the property is to be determined. In effect the statute defines compensation to be the amount payable as 'just compensation' required by the constitution, Art. 1, § 14, for the property actually taken, and damages as the compensation for property not taken, but injuriously affected. Thus interest is not included in either compensation or damages." (Emphasis in original) 305 P.2d 1079.

Furthermore, the legislative intent in Arizona is clear since it enacted A.R.S. § 12–1123(B), the statute which provides interest from the date of immediate possession. If the landowner is entitled to interest from the date of the summons, why enact A.R.S. § 12–1123(B)?

---

**2.** And see Nichols on Eminent Domain, Vol. 3, § 8.63[1] 8–347 through 8–348.

We conclude that absent an immediate entry by the condemning authority, the landowner is entitled to interest on his award from the date of the judgment. This brings us to the last issue on the cross-appeal.

■ A.R.S. § 44–1201 provides for interest on judgments at the rate of 10% per annum. The trial court, after hearing testimony, found that 12% per annum was a reasonable rate of interest on the judgment but concluded that it was bound by the legal rate of interest found in A.R.S. § 44–1201. Cross-appellant contends that the legal rate of interest is a floor but not a ceiling upon the amount of interest. We agree.

The determination of the proper rate of interest, being a part of just compensation, is necessarily a judicial function which the legislature may not usurp. *Jacobs v. United States,* 290 U.S. 13, 54 S.Ct. 26, 78 L.Ed. 142 (1933); *Seaboard Air Line Railway Company v. United States,* 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664 (1923); *Miller v. United States,* 620 F.2d 812 (Ct.Cl.1980); *United States v. Blankinship,* 543 F.2d 1272 (9th Cir.1976); *State by Spannaus v. Carney,* 309 N.W.2d 775 (Minn.1981); *In the Matter of South Bronx Neighborhood Development Plan,* 110 Misc.2d 571, 442 N.Y. S.2d 869 (1981); *Troy Urban Renewal Agency v. Union National Bank of Troy,* 90 Misc.2d 240, 394 N.Y.S.2d 131 (1977); *City of Buffalo v. J.W. Clement Company,* 28 N.Y.2d 241, 321 N.Y.S.2d 345, 269 N.E.2d 895 (1971). However, the rate of interest set by statute can be applied to a claim for just compensation if such rate is reasonable and judicially acceptable. *Miller v. United States,* supra; *County of Nassau v. Eveandra Enterprises, Inc.,* 42 N.Y.2d 849, 397 N.Y.S.2d 627, 366 N.E.2d 287 (1977); *City of Buffalo v. J.W. Clement Company,* supra; and see also Nichols on Eminent Domain, Vol. 3, § 8.63[3] at 8–362 and fn. 40.1.

The trial court here, having found 12% per annum to be a reasonable rate of interest and the legal rate of 10% to be unreasonable, had the power to fix 12% as the rate and it erred in not doing so. We wish to specifically point out that the rule which we adopt here only applies to the interest rate in eminent domain cases which result from the constitutional requirement of the payment of just compensation. The rule does not apply to judgments in other cases.

Appellee is entitled to interest on $1,614.16 (for the .47 acres of land in the order for immediate possession) at the rate of 12% per annum from the date of the order of immediate possession to the date of the entry of judgment. Appellee is also entitled to interest on the entire judgment at the rate of 12% per annum.

The case is remanded with directions to the trial court to enter an amended judgment consistent with this opinion.

BIRDSALL and HATHAWAY, JJ., concur.