[Civ. No. 986. Fourth Appellate District.—October 21, 1932.]

CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. LOUIS BLONDEAU et al., Appellants.

Dexter & Wendt and Herbert Cutler Brown for Appellants.

Erwin P. Werner, City Attorney, and Sam H. Erwin, Deputy City Attorney, for Respondent.

MARKS, J.—This is an appeal, on the judgment-roll alone, from a judgment rendered in favor of respondent against appellants and R. H. Marshall, defendant, who has not appealed.

On November 28, 1928, findings of fact were made and an interlocutory judgment was rendered in a condemnation proceeding in Los Angeles. Louis Blondeau owned the fee to a parcel of the land sought to be condemned, and, land from which it was to be severed, upon both of which the Security Trust and Savings Bank, now the Security-First National Bank, had a mortgage. The Louis K. Liggett Company had a lease on a portion of the property, as did the defendant R. H. Marshall. The Marshall lease, according to one of the briefs of appellants, had been assigned to Blondeau by an unrecorded assignment. The findings fixed the value of the property taken and the severance damage at $70,000. This was apportioned as follows: Blondeau $14,000; Security Trust & Savings Bank, $50,000; Louis K. Liggett Company, $6,000. R. H. Marshall assigned any sum he might recover in the condemnation proceedings to Blondeau, who in turn assigned to the Security Trust & Savings Bank. By mistake the City of Los Angeles paid the $6,000 due the Louis K. Liggett Company under the judgment to Blondeau and the bank in addition to the amounts properly due them. Upon discovering the mistake the city paid the Louis K. Liggett Company $6,000 and

demanded return of this sum from the defendants. They refused to repay the money and this suit was instituted to recover it.

Respondent elected to employ two counts in its complaint in stating its cause of action. The first count was for money had and received, and the second particularly pleaded the ultimate facts of the case. Appellants complain of this manner of pleading, which has long been approved by the courts of California. (21 Cal. Jur. 64, sec. 39, and cases cited.)

In their answer appellants set forth a copy of a part of the proposed findings in the condemnation proceedings which were served upon them, wherein the Louis K. Liggett Company was given no damages and R. H. Marshall was awarded $6,000. These proposed findings were not signed by the trial judge, who modified them and gave the Louis K. Liggett Company the $6,000 and gave Marshall nothing. Appellants complain of this change not because the evidence did not support the findings and judgment as finally made, but because the findings made did not follow the copy of the proposed findings served upon them. A trial judge can modify or change findings proposed by a party or make new findings of his own.

Appellants urge other errors upon which they rely for a reversal of the judgment. We have searched the record to ascertain whether or not any of them possess any more substantiality than the two mentioned. They do not. This appeal is without merit.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.