[Civ. No. 985.  Fourth Appellate District.—October 21, 1932.]

CITY OF LOS ANGELES (a Municipal Corporation), Plaintiff and Respondent, v. LOUIS BLONDEAU et al., Appellants; LOUIS K. LIGGETT COMPANY (a Massachusetts Corporation), Cross-Defendant and Respondent.

Dexter & Wendt, G. R. Dexter and Herbert Cutler Brown for Appellants.

Gibson, Dunn & Crutcher and J. Stuart Neary for Respondents.

MARKS, J.—This is an appeal from a judgment entered following an order sustaining, without leave to amend, a general and special demurrer of the Louis K. Liggett Company to a second amended cross-complaint. This is an appeal in the same action as that of the *City of Los Angeles* v. *Blondeau et al.*, bearing our Civil No. 986 (*ante*, p. 136

[15 Pac. (2d) 553], the opinion in which has this day been filed and in which the facts necessary to that appeal are set forth. They will not be repeated here.

The amended cross-complaint, in addition to the facts set forth in the opinion in the companion case, alleges that the Louis K. Liggett Company occupied the premises leased from Blondeau from the institution of the condemnation action on August 6, 1926, to the expiration of the term of its tenancy on January 31, 1930, and that its tenancy was not disturbed; that it suffered no actual damage or injury from the condemnation proceedings and that it had no right in equity to receive and retain the $6,000 awarded to it in the condemnation proceedings and paid under the decree in that case. It is also alleged that the Louis K. Liggett Company paid Blondeau the $500 monthly rental specified in the lease for the full term. The cross-complainants sought the return of the $6,000 paid the Louis K. Liggett Company under the judgment in the condemnation proceedings, or its payment to the City of Los Angeles.

The condemnation proceedings were instituted by the City of Los Angeles under the provisions of the Street Opening Act of 1903 (Stats. 1903, p. 376, and amendments), and summons was issued on August 6, 1926. We are not informed when the case was set for trial. Section 10 of the act provided in part as follows: "For the purpose of assessing the compensation and damages, the right thereto shall be deemed to have accrued at the date of the issuance of summons, and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken, but injuriously affected, in all cases where such damages are allowed by the provisions of this act; . . . Findings: The referees, or court, or jury, as the case may be, shall find separately: First, the value of each parcel of property sought to be condemned, and all improvements thereon pertaining to the realty, and of each separate estate or interest therein."

The legislature fixed a time when the taking of property for a public use is deemed to occur. It provided that the value of the property taken and the severance damage must be measured by the value at such time. These were questions for legislative determination and the legislature

having acted, the courts must give force and effect to the law as enacted which governs proceedings under the Street Opening Act of 1903. (*City of Los Angeles* v. *Oliver,* 102 Cal. App. 299 [283 Pac. 298]; *City of Pasadena* v. *Porter,* 201 Cal. 381 [257 Pac. 526, 53 A. L. R. 679].) As the Louis K. Liggett Company had a leasehold interest in the property at the time of the constructive taking for a public use, it was proper for the court to fix its damage for a disturbance of its leasehold interest. ■ Under the language of the statute we fail to see how a considerable delay on the part of the City of Los Angeles in actually taking possession of the portion condemned can affect the rights of the parties. It is not disputed, nor can it be in this case, that both Blondeau and the Louis K. Liggett Company were awarded fair compensation for the property taken and their severance damages. Each possessed a separate interest in the condemned property and neither can claim any portion of the compensation awarded the other by a judgment which has become final, nor can one demand from the other any portion of the compensation awarded for the taking of such interest in the property condemned simply because the City of Los Angeles failed to take possession of the condemned property for some time after the date upon which damages were fixed.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.