[Civ. No. 161. Fifth Dist. Mar. 22, 1963.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. CHARLES HARTLEY, Defendant and Appellant.

Gary W. Sawtelle and Ronald J. Marsh for Defendant and Appellant.

Holloway Jones, Jack M. Howard, Joseph F. DeMartini, Stephen W. Hackett, Joseph A. Forest and Robert E. Reed for Plaintiff and Respondent.

CONLEY, P. J.—This is an appeal by Charles Hartley from a judgment in condemnation which decreed that certain other defendants, Simon's Beverly, Inc., a corporation, William A. White, Etta I. White, Louis H. Herrin and Kern

County, should receive a total sum of $7,500 for the taking in eminent domain of a parcel of property located near Lebec for state highway maintenance station purposes. The judgment held that defendant Charles Hartley had no right, title or interest in, or lien or claim upon, the property and that he should take nothing by reason of the action.

Mr. Hartley is represented by counsel on appeal, but he tried his own case in the superior court. Although doubtless an excellent cattleman, Mr. Hartley's knowledge of legal rules and procedures proved somewhat deficient; the record is full of gaps and uncertainties, but in every instance we have given the appellant the benefit of any doubt by adopting his theory of what the evidence shows. It will be unnecessary, however, to examine all of appellant's points and suggestions, for it appears to this court, after a complete examination of the record in the light of applicable legal principles, that the trial judge was correct in holding that Mr. Hartley had no compensable right in the premises and that the judgment that he take nothing by his answer is legally unassailable.

The land in question was owned by Simon's Beverly, Inc. Prior to the institution of the condemnation suit the owner had entered into an oral lease with appellant for his use of the land in connection with cattle raising. Mr. Hartley planted some alfalfa on the real property. The record leaves this court in doubt as to the exact nature and incidents of the lease. Certain it is that Mr. Hartley did not pay any money rental, but he claimed that he gave valuable consideration by promising to keep the land free from weeds and in good order. We shall assume that appellant's description of the leasehold in his brief is correct for the purpose of testing his claim to participation in the award. Mr. Hartley contends that an oral lease was granted him in November of 1959 for the period of one year, so that it would terminate in November of 1960. In the meantime, the condemnation suit was instituted, and the summons issued in January of 1960; the case was not tried until November of 1961. We thus have a situation in which the oral lease contended for by the appellant was ended through the expiration of its term approximately one year before the actual trial of the case and the possession of the lessee was not interfered with in the slightest. In other words, the lessee enjoyed the full term of his lease without let or hindrance from the condemning party, and the lessee suffered no loss by reason of the commence-

ment or pendency of the action; the plaintiff did not take possession until after judgment.

In these circumstances it is clear that Mr. Hartley had no right to participate in the award. *Los Angeles County Flood Control Dist.* v. *Andrews,* 52 Cal.App. 788, 793-794 [205 P. 1085], holds as follows:

, "Appellant contends that its right to the damages in question is established by the fact that its leasehold was interrupted, in contemplation of law, on March 20, 1919, the date when summons was issued; but the rule that damages are to be assessed in condemnation cases as of the date of the issuance of summons relates only to property actually taken. An anomalous and unbearable condition would be presented if, under that rule, the public could be required to pay for a leasehold interest not taken, but which the lessee held unmolested to the end of the term, . . ."

(See also 17 Cal.Jur.2d, Eminent Domain, § 36, p. 615.)

Appellant argues that under the applicable code section (Code Civ. Proc., § 1249) the normal date for the ascertainment of damages is fixed by law as the day when the summons is issued. Inasmuch as the case was not tried within one year after the commencement of the action, and it is not clear that such delay in bringing the case to trial was the fault of the plaintiff, the damages might well have been ascertainable as of the date of trial, almost one year after the termination of the lease. But accepting again, for the purpose of this appeal, the contention made in his brief by appellant that the delay in the trial of the action was the fault of the condemning party, such fact cannot change the result. The authorities relied upon by appellant do not run counter to the holding in *Los Angeles County Flood Control Dist.* v. *Andrews, supra,* 52 Cal.App. 788, 793-794. In *People* v. *Klopstock,* 24 Cal.2d 897 [151 P.2d 641], the possession of the leased land was taken prior to trial by virtue of the provisions of section 14 of article I of the Constitution of California, and the lessee was thereby effectively barred from his property, and his asphalt plant, which had been erected on the land, completely destroyed prior to the termination of his lease; the result was an actual taking of the property of the lessee for which compensation became due. In the second case relied on by appellant, *City of Los Angeles* v. *Blondeau,* 127 Cal.App. 139 [15 P.2d 554] (see also the companion case *City of Los Angeles* v. *Blondeau,* 127 Cal.App. 136 [15 P.2d 553]), the actual judgment in the

condemnation suit was entered before the termination of the lease; it was there held that the lessee was entitled to compensation from the condemning party even though the City of Los Angeles thereafter delayed in taking possession of the land. ▇▇▇ Neither of the cases relied upon is contrary to the principle that when and if a lessee before judgment enjoys his lease to the complete end of his term without being interfered with in any way by the condemning authority he is not entitled to share in the award made to the owner of the land, because he has suffered no loss.

The owner of the property, Simon's Beverly, Inc., entered into a formal stipulation with plaintiff fixing $7,500 as the value of the land taken. This was the amount of the judgment awarded by the court to the owner and certain other persons who had liens on the property. It is unnecessary to pass upon any of the other points raised by appellant in view of the fact that under the most favorable construction of the evidence he had no right to any compensation.

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.