[Civ. No. 28267. Second Dist., Div. Two. Dec. 1, 1964.]

THE CITY OF LOS ANGELES, Plaintiff and Respondent, v. JACK B. SIEGEL, Defendant and Appellant.

Fadem & Graves, Jerrold A. Fadem and Ernest L. Graves for Defendant and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Brian Crahan, Deputy City Attorney, for Plaintiff and Respondent.

KINCAID, J. pro. tem.*—Appellant, Jack B. Siegel, has appealed from the judgment entered as to Parcel No. 32AA in the above entitled condemnation action involving the acquisition by plaintiff of certain real property for public street purposes. Appellant is the assignee of and successor to the right, title and interest of Gerald Zukor, the lessee of a ground lease on the property designated as Parcel No. 32AA, from the lessor and owner Frances Manzo. Two buildings were constructed on the property, one being used as a restaurant and the other formerly as a liquor store, but at the time of the commencement of the condemnation action as a real estate office.

Evidence was received, including testimony of the owner, appellant and an expert valuation witness, as to whether certain items of restaurant and store equipment located within the buildings were annexed thereto; as to their adaptability to the use and purpose for which the realty was being used and the intention of the parties making the annexation.

_____

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

The court thereupon made its findings:

"1. The following items only were found by the Court to be fixtures and a part of the real estate by reason that these were the only items which were permanently attached to the premises by means of cement, plaster, nails, bolts or screws:

"range hood

"florescent [sic] fixtures

"three restaurant counters

"restaurant walk-in refrigerator

"shelving

"liquor store reach-in walk-in refrigerator

"2. All other items were found to be personal property and not compensable."

Appellant complains that even though the items found by the court to be personal property and not compensable are not fixtures and therefore not part of the real estate taken, they are items of restaurant equipment essential and integral to the restaurant business and when separated from the total restaurant operation were rendered second-hand and greatly reduced in value.

Appellant contends that the law as reflected by the judicial decisions of this state should be expanded to require that compensation be made to a condemnee for those items of personal property which are severed by an action of condemnation from their integrated purpose and rendered essentially valueless. He advances what he calls the doctrine of constructive annexation and urges that this doctrine should be adopted as applied to the facts in the within case. It is his position that, where severance damages apply to integrated realty, constructive annexation applies to integrated personalty. He argues that where the property involved is a complex of both personalty and realty the allocation of the burden of diminishment in value must be placed upon the condemnor; that constructive annexation is not a special application of the law for fixtures but the legal device whereby the burden of the diminishment caused by severance is properly allocated to the condemnor.

The cases relied upon by appellant generally relate to situations involving manufacturing or industrial buildings and appurtenances. He appears to cite no specific authority supporting his position as applied to the facts in the within case. Here the court heard evidence regarding the nature of the annexation to the premises as well as the intent of the parties making the annexation at the time the personalty was

acquired and used. On conflicting evidence the court concluded in its findings that certain items only were affixed to the realty and therefore compensable in damages. These items were covered by the jury's verdict and no complaint is made as to the quantum of the award.

The trial court followed the established legal test in California for determining what are and what are not fixtures. Section 1248, Code of Civil Procedure, provides that in condemnation suits: ''The court, jury, or referee must hear such legal testimony as may be offered by any of the parties to the proceeding, and thereupon must ascertain and assess: 1. The value of the property sought to be condemned, and all improvements thereon pertaining to the realty, . . .''

■ As said in *City of Los Angeles* v. *Klinker*, 219 Cal. 198, 205, 206 [25 P.2d 826, 90 A.L.R. 148] : '' 'Fixtures upon the property taken must be valued and paid for as part of the real estate, and any depreciation in the value of fixtures upon the part not taken is to be taken into consideration, the same as damage to the soil itself.' [Citation.]

''' Where land is condemned for public uses, the value of buildings or other improvements and fixtures on the land must be considered in determining the owner's compensation.' [Citation.]

'' 'When fixtures become part of the realty, if the land on which the building stands is taken in whole or in part for the public use, the owner is entitled to have the fixtures considered in determining the amount of his compensation.' [Citation.]''

■ In *Rinaldi* v. *Goller*, 48 Cal.2d 276, 278 [309 P.2d 451], our Supreme Court said: '' 'It is settled that three tests must be applied ''determining whether or not an article is a fixture—namely: (1) the manner of its annexation; (2) its adaptability to the use and purpose for which the realty is used; and (3) the intention of the party making the annexation.'' '

''The statutory provisions are found in the Civil Code. Section 660 of that code provides: 'A thing is deemed to be affixed to land when it is . . . permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts, or screws. . . .' . . . Section 1019 provides: 'A tenant may remove from the demised premises, any time during the continuance of his term, anything affixed thereto for the purposes of trade, manufacture, ornament, or domestic use, if the

removal can be effected without injury to the premises, unless the thing has, by the manner in which it is affixed, become an integral part of the premises.' ''

In 1957, subsequent to the decision in *City of Los Angeles* v. *Klinker, supra,* 219 Cal. 198, which concerned condemnation of the Los Angeles Times industrial newspaper plant, the Legislature saw fit to broaden the scope of the foregoing rules by enactment of section 1248b, Code of Civil Procedure: ''Equipment designed for manufacturing or industrial purposes and installed for use in a fixed location shall be deemed a part of the realty for the purposes of condemnation, regardless of the method of installation. ''

 Appellant makes no contention that the equipment here in question and used in the restaurant and former liquor store falls within the classification of use for manufacturing or industrial purposes.

The trial court followed the established legal tests for determining whether or not the contested items of restaurant and store equipment were fixtures and thus improvements pertaining to the realty to be included in the property assessed for condemnation. This determination was based upon conflicting substantial evidence and therefore may not now be disturbed. (*Haidinger-Hayes, Inc.* v. *Marvin Hime & Co.,* 206 Cal.App.2d 46, 50 [23 Cal.Rptr. 455].)

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied December 21, 1964, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1965.