419 P.2d 759

STATE of New Mexico, ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellee,

v.

Enrique CHAVEZ and Isabel Chavez, his wife, Defendants-Appellants.

No. 7719.

Supreme Court of New Mexico.

Oct. 31, 1966.

Boston E. Witt, Atty. Gen., Hadley Kelsey, Joseph L. Droege, John C. Worden, Neil C. Stillinger, George D. Sheldon, Oliver. G. Ricketson, Richard T. Whitley, William S. Martin, Jr., Sp. Asst. Attys. Gen., Santa Fe, for appellee.

Lorenzo A. Chavez, Melvin L. Robins, Warren F. Reynolds, Albuquerque, for appellants.

## O P I N I·O N

MOISE, Justice.

The appellants have perfected this appeal from an order dismissing condemnation proceedings commenced by appellee. Appellants were the holders of a business lease on a piece of property abutting on U. S. Highway 66, and for several years had operated a filling station, grocery store, cafe and bar thereon. The lease by its terms expired on January 30, 1958. On September 9, 1957, the Commissioner of Public Lands conveyed access rights in the property to appellee.

The condemnation proceeding was commenced and notice as provided in § 22–9–2, N.M.S.A.1953, was issued on August 9, 1957. Immediately upon the filing of the petition, and on the same day, appellee filed a motion "for an order permitting the plaintiff [appellee] to occupy the premises sought to .be condemned, pending the action, * * *" together with a notice as provided in § 22–9–18, N.M.S.A.1953.

On August 20, 1957, a hearing was held and an order entered allowing appellee to take immediate possession conditioned on the filing of a $35,000.00 bond. The order contained an injunction restricting the free and unhindered access previously existing in appellants and limited the right to enter and depart to certain points described in the petition.

Notwithstanding the order, appellants remained in possession of the leased property while the highway construction proceeded and they continued to operate their business thereon until the end of the lease. Upon a showing to this effect being made, a motion by appellee to dismiss the action as moot was sustained by the court. This appeal followed.

The question here present is whether the court was correct in dismissing the action as moot, thereby foreclosing the right of appellants to any damages resulting to them from the taking or damaging of their right to access to the leased property from August 20, 1957, to January 30, 1958, the end of the lease term.

There can be no question that the right to access is a property right, and that the same may not be taken or damaged without the payment of compensation. State Highway Comm. v. State ex rel. Silva, 71 N.M. 350, 378 P.2d 595. Since this is true, are appellants entitled to compensation upon filing of the proceeding and entry of the order for immediate possession, whether or not their access was physically interfered with? We answer the question in the affirmative.

Section 22-9-9, N.M.S.A.1953, is controlling. It reads as follows:

"For the purposes of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the notice, and its actual value at that date, shall be the measure of compensation of all property to be actually taken, and also the basis of damages to property not actually taken but injuriously affected, and in all cases where such damages are legally recoverable. If an order be made letting the plaintiff into possession as provided in this chapter, the compensation and damages awarded shall draw lawful interest from the date of such order. No improvements put upon the property, subsequent to the date of the service of notice or put thereon after the actual taking of the land, shall be included in the assessment of compensation or damages."

In our view, the language of the statute is clear and unambiguous. Without repeating the language, it seems apparent that the right to damages accrued on the date of notice (August 9, 1957), and the actual value on that date of whatever was condemned, or for damages inflicted, is fixed as the measure of damages. It is equally obvious that where the order ad-

mitting appellee into possession was entered on August 20, 1957, interest on the award ran from that date. See 3 Nichols, Eminent Domain, § 8.5[1].

We do not perceive that the rights of appellants were in any way altered after August 9, 1957, by the fact that they continued to enjoy free access. The enjoyment was in violation of the court order for which they could have been held in contempt. Their right to compensation was just as fixed and complete as was the right of the owner of property which had been condemned and the property actually entered and improved as held by us in City of Albuquerque v. Chapman, (No. 7920, filed October 17, 1966), 77 N.M. 86, 419 P.2d 460.

The rule has been applied in California in City of Los Angeles v. Blondeau, 127 Cal.App. 139, 15 P.2d 554. Arizona also recognizes the rule. We quote the following from Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 370 P.2d 652, 659:

"Under the reasoning of these cases, which we accept and adopt, the legislature may establish some convenient time, as of which the value of the property will be assessed and the amount of compensation fixed. The date of summons, the date of trial, or some other date during the proceedings might have been chosen. The legislature has established the date of trial as this time in § 9–518

A.R.S., and while, in particular cases, the condemnee might fare better or worse under this than under another possible rule, the condemnee may not complain when, because of market fluctuations, the compensation fixed by this rule is less than the market value at some other time during the condemnation proceedings. Nor is the situation altered when the condemnor is permitted to go into possession prior to the date as of which compensation is fixed, since the market value on that date is unaffected by the identity of the party in possession.

"When immediate possession is granted to the condemnor, however, the condemnee is deprived of the use of his property between the date of such entry and the date when the compensation is paid to him. He would therefore be entitled to interest on the amount of the award from the date of entry by the condemnor * * *."

See also, Veirs v. State Roads Comm., 217 Md. 545, 143 A.2d 613; Edmands v. City of Boston, 108 Mass. 535, 547; Ft. Wayne & S. W. Traction Co. v. Ft. Wayne & W. Ry. Co., 170 Ind. 49, 83 N.E. 665, 16 L.R.A.,N.S., 537.

It follows that the court erred in dismissing the cause as moot. The order of dismissal is reversed and the cause remanded with instructions to reinstate it on the docket and proceed to determine what

damages, if any, appellants were entitled to on August 9, 1957, with interest on any amount found from and after August 20, 1957.

It is so ordered.

CARMODY, C. J., and CHAVEZ and COMPTON, JJ., concur.

NOBLE, J., dissenting.

NOBLE, Justice (dissenting).

I must express my disagreement with both the disposition of the case and the reasoning by which the majority reach their result. The majority opinion, in my view, is erroneous in two controlling respects. First, in misconstruing the statute fixing the time as of when damages in eminent domain are computed; and secondly, in their reliance upon the California and Arizona decisions cited and quoted from.

The majority construe § 22–9–9, N.M. S.A.1953, as requiring payment of compensation for a taking of property or access upon the filing of the condemnation proceeding and entry of an order of possession whether or not the owner's or lessee's possession or use of the property or access is ever physically interfered with. That is, the majority hold that the mere entry of the order of possession, even though there is never a physical taking or interference with the property, is such an invasion of his rights as to amount to an actual taking or damaging of the property. This contention was rejected by the Supreme Court of Utah in Oregon Short Line R. v. Jones, 29 Utah 147, 80 P. 732, in that court's construction of an almost identical statute. The Utah court, in denying the interpretation placed on our statute by the majority, said:

"If the property shall be deemed to have been taken at the time and by reason of the service of the summons, there is force in the contention that appellants are entitled to interest from that date. But the controlling feature of section 3599 is the fixing of the time with reference to which compensation is to be computed, rather than fixing the time of the taking, or when the property shall be deemed to have been taken. * * *"

See, also, State, By and Through Its Engineering Commission v. Peek, 1 Utah 2d 263, 265 P.2d 630, where the question of construction of a statute identical with our own in all essential respects was extensively considered and the authorities collected.

The Supreme Court of Idaho gave its similar statute the same construction as Utah, saying in Independent School Dist. v. C. B. Lauch Constr. Co., 78 Idaho 485, 305 P.2d 1077:

"* * * The statute does not give the owner the right to compensation at

the date of the summons. It merely provides that the right shall *be deemed* to accrue at that date 'for the purpose of assessing compensation and damages.' In other words, it fixes the time as of which the value of the property is to be determined. * * *"

Statutes, identical in all essential respects with ours, have been construed by all the courts except Hawaii as merely fixing the time with reference to which compensation is to be computed when there has been an actual taking or damaging of the property. I have found no court allowing damages merely because of the entry of an order of possession, service of summons, etc., where there was not an actual interference at some time with the enjoyment of the premises by the owner or lessee.

I am completely unable to understand the reliance by the majority on City of Los Angeles v. Blondeau, 127 Cal.App. 139, 15 P.2d 554. The facts are not only entirely dissimilar from those in the instant case, but that decision was later not only explained but limited by People ex rel. Department of Public Works v. Hartley, 214 Cal.App.2d 378, 29 Cal.Rptr. 502. The city, in Blondeau, sought to recover back damages awarded and paid to a lessee while the lease was in force. However, in Hartley where the lease ended through expiration of its term prior to trial of the case, and the lessee's possession was not actually interfered with, damages were denied. In Hartley, just as in the instant case, the lessee enjoyed the full term of his lease without interference so the lessee suffered no loss by reason of the commencement of the eminent domain proceedings. The California court discussed Blondeau and expressly limited it to situations where judgment in condemnation was entered prior to expiration of the term of the lease. Hartley established the California doctrine that:

"* * * when and if a lessee before judgment enjoys his lease to the complete end of his term without being interfered with in any way by the condemning authority he is not entitled to share in the award made to the owner of the land, because he has suffered no loss."

A reading of the Arizona decision in Desert Waters, Inc. v. Superior Court, 91 Ariz. 163, 370 P.2d 652, clearly discloses that the majority can secure no comfort from its language. In that case, the Arizona court was called upon not to determine whether damages had accrued because of the commencement of the trial of the eminent domain case, but only to construe the validity of the immediate-possession provision of the Arizona statute. The language quoted from that decision presupposes that there was an actual taking or damaging of the property at some time. It held, as did Utah and Idaho, that when there has been such a taking, the value or

amount of damage is fixed as of the time fixed by the statute. That court merely held that when there is an actual taking or damaging, the owner is entitled to interest from the date fixed by statute as to when damages are to be computed.

The reason for fixing such a date is obvious. The actual award of damages in condemnation may be delayed for long periods of time during which property values may materially change. A reading of the entire Arizona decision makes this clear.

Veirs v. State Roads Comm., 217 Md. 545, 143 A.2d 613, does not support the position taken by the majority. There the term of the lease extended to 1959, or possibly longer. Access was actually destroyed by condemnation, resulting in a cancellation of the lease long prior to the end of the term because the lessee could no longer enjoy it. Nor does Ft. Wayne & S. W. Traction Co. v. Ft. Wayne & W. Ry., 170 Ind. 49, 83 N.E. 665, 16 L.R.A., N.S., 537, support the construction by the majority of our statute. Title to the property actually passed to the condemnor and the condemnation was complete in Indiana at the time of the order of possession. Clearly, there was actual interference and actual damage then.

The reason for the rule is clearly illustrated by City of Albuquerque v. Chapman, 77 N.M. 86, 419 P.2d 460, No. 7920, filed October 17, 1966, where the property increased in value after the order of entry of possession and actual taking of the property. Its value, however, was fixed as of the date of the order of possession.

The cases dealing with whether interest is recoverable from the statutory date of valuation to the time of actual payment support an interpretation that the statutory date is only the date as of when damages are to be fixed if there is an actual taking or damaging of the property. The decisions generally allow interest only if the condemning authority has actually entered into possession of the property prior to payment of compensation. To allow the owner or lessee the benefits of possession as well as payment as though the property had been taken would obviously be inequitable. State, By and Through Its Engineering Commission v. Peek, supra; Independent School Dist. v. C. B. Lauch Constr. Co., supra. There are cases where interest has been allowed from the beginning of the condemnation proceedings, even though the owner has retained possession and enjoyed the use of the property. Those are all cases, however, where there was an eventual taking of the condemnee's interest in the property, and such cases require the property owner to account for the income, rents, and profits of the land during that period. See Annotation 32 A.L.R. 98, at 104–105.

It is clear that Chavez, before judgment, enjoyed his lease to the complete end of its

term without interference by the condemnor. To allow damages under such a state of facts would be comparable to proceedings to condemn and take a house valued at $100,000, where the order of possession was entered and the project abandoned, and the property never taken or interfered with. Certainly the legislature cannot be attributed an intention to require payment to the owner where neither his possession nor title is ever disturbed. Such a result is inconceivable.

I think the majority have misconstrued the immediate-possession statute and that the decisions of other jurisdictions relied upon by them not only do not support their position but actually support a contrary construction of the statute. I think the judgment of the trial court should be affirmed. I, therefore, dissent from the majority.