[Civ. No. 1017.    Fifth Dist.    Mar. 28, 1969.]

REDEVELOPMENT AGENCY OF THE CITY OF STOCK-TON, Plaintiff and Respondent, v. DIAMOND PROP-ERTIES, Defendant and Appellant.

Forrest E. Macomber and A. Grant Macomber for Defendant and Appellant.

John A. Wilson for Plaintiff and Respondent.

Monroe Langdon, City Attorney, Daley, Brewer, Patridge & Garrett and Richard B. Daley as Amici Curiae on behalf of Plaintiff and Respondent.

STONE, J.—Diamond Properties appeals from a judgment in an eminent domain action wherein it was determined that appellant had no compensable interest in property condemned by respondent, Redevelopment Agency of the City of Stockton.

On November 16, 1960, respondent gave notice to the owners and occupants of property in a nine-block area in Stockton that it intended to acquire the property by purchase or condemnation. At that time appellant was operating a meat processing plant on part of the property within the designated redevelopment area. Originally appellant's tenancy was pursuant to a 10-year lease, the term of which had three years to run when notice of intent to purchase or condemn was given in 1960. The lease was not renewed or extended when it expired December 31, 1963, and appellant continued in possession under a month-to-month tenancy.

On March 5, 1964, respondent filed a complaint seeking to condemn the particular parcel of property with which we are here concerned, including the interest of appellant. Summons was issued the same day and appellant answered April 17, 1964. Thereafter, in negotiating with the owner of the property, respondent's agents advised her attorney that if notice of termination of the month-to-month tenancy were served on appellant, respondent would purchase her property at an agreed price. Accordingly, on March 16, 1966, some two years after the filing of the complaint and issuance of summons, the property owner gave appellant notice that its tenancy would terminate as of the close of business on April 30, 1966. Appellant paid rental through that date, but remained in possession for approximately six months thereafter without paying rent.

On May 6, 1966, respondent condemner acquired the interest of the fee owner by grant deed, and filed a written stipulation that the condemnation action be dismissed as to the owner of the property, along with a notice of abandonment as to her. Respondent then filed a motion for a judgment of dismissal as to appellant. The motion was denied and the case was tried on October 13, 1966.

In the trial court, as here, appellant's claim for compensation was grounded upon the contention the meat processing

equipment which it placed upon the premises and which it was entitled to remove upon termination of the lease was, under the provisions of Code of Civil Procedure section 1248b, a part of the real property at the time the condemnation action was filed and summons issued. That section provides: "Equipment designed for manufacturing or industrial purposes and installed for use in a fixed location shall be deemed a part of the realty for the purposes of condemnation, regardless of the method of installation."

The trial court held section 1248b inapplicable, upon the ground that at the time the action was filed and summons issued appellant had possession of the premises under a month-to-month tenancy which was fulfilled 24 times over before notice of termination of the month-to-month tenancy was finally served, and that thereafter appellant remained in possession an additional six months as a tenant at sufferance without paying rent. Therefore, concluded the trial court, appellant's leasehold interest (a right to possession for 30 days) in the condemned property was neither defeated nor interfered with by the condemnation action.

Respondent cites numerous cases, including those in the trial court's memorandum, holding that where a tenant completes the term of his tenancy before the condemner takes possession of the property the tenant has suffered no damage. In fact, we are cited an opinion of this court, *People* ex rel. *Dept. Public Works* v. *Hartley*, 214 Cal.App.2d 378 [29 Cal. Rptr. 502], holding that a lessee whose lease was in effect at the time a condemnation action was filed and summons issued, but who remained in possession until his lease expired before trial, had no right to participate in a compensation award because his right to possession was not interfered with.

However, the facts of the cited cases are not apposite, for we are not concerned with a lessee's right to use the premises. It is not a possessory interest for which appellant claims the right to compensation; rather, appellant claims it had an interest in the property itself by virtue of section 1248b of the Code of Civil Procedure. The two-fold test delineated by that section is whether the equipment is designed for manufacturing or industrial purposes *and* installed for use in a fixed location. When these two conditions are met, such equipment "shall be deemed a part of the realty for the purposes of condemnation, regardless of the method of installation." The trial court did not reach this question, as it deemed appel-

lant's right to compensation to rest upon its right to possession as a tenant.

Had the lessor owned the personal property in question, there would have been no difficulty in getting to the matrix of the case. The question quite clearly would have been whether the personal property was part of the realty, thus entitling the owner of the fee to the value of the personal property deemed to be a part of realty by reason of section 1248b.

Where the tenant owns personal property that measures up to section 1248b, such personal property being "deemed a part of the realty," he has a compensable interest in the property which is separate and apart from his possessory rights.

A number of cases hold that even though a lessee has a right or a duty under his lease to remove fixtures permanently attached to the property being condemned, insofar as the condemner is concerned the lessee is a condemnee as to his personal property that is permanently attached to the lessor's real property. (Code Civ. Proc., § 1248; *City of Los Angeles* v. *Allen's Grocery Co., Inc.*, 265 Cal.App.2d 274 [71 Cal. Rptr. 88]; *El Monte School Dist.* v. *Wilkins*, 177 Cal.App.2d 47 [1 Cal.Rptr. 715]; *People* v. *Klopstock*, 24 Cal.2d 897, 903 [151 P.2d 641]; *City of Los Angeles* v. *Siegel*, 230 Cal.App.2d 982, 985 [41 Cal.Rptr. 563]; 2 Nichols on Eminent Domain (3d ed.) § 5.83, p. 326.)

The same principle applies to equipment of a lessee that is within the ambit of section 1248b, as the statute specifically and definitively categorizes one kind of personal property that is deemed to be real property under the law of eminent domain. (See *City of Los Angeles* v. *Siegel, supra*; *City of Los Angeles* v. *Allen's Grocery Co., Inc., supra.*) Thus the critical question is not whether appellant's possessory rights under the lease were or were not interfered with, but whether, at the date summons was served (Code Civ. Proc., § 1249.1) any of appellant's equipment must be deemed part of the real property under the test formulated by the Legislature in the enactment of section 1248b of the Code of Civil Procedure.

Some time after this case was decided in the trial court, an opinion was filed in *City of Los Angeles* v. *Allen's Grocery Co., Inc., supra,* which is close aboard. The lease under which the lessee entered the premises had expired and the lessee was occupying the premises under a month-to-month tenancy prior to the filing of the condemnation action. As in our case, the

lease permitted the lessee to remove trade fixtures at the termination of the lease. The court held that fixtures permanently fastened to the real property are a part of the real property as between the tenant and the condemner, even though regarded as personalty between the tenant and the owner.

The importance of the *Allen's Grocery* case insofar as the instant case is concerned, is that it is the only California decision we find wherein the lessee claiming compensation for his fixtures was in possession, at the date of issuance of summons, under a month-to-month tenancy and remained in possession for several months thereafter. In this aspect the two cases are parallel, and we deem the *Allen's Grocery* case persuasive in our determination that section 1248b is applicable even though the tenant remained in possession beyond the 30 days.

█ Counsel for respondent points out that appellant's attorney entered into a stipulation that October 13, the date of trial, would be deemed the ''evaluation date.'' From this, respondent argues that appellant stipulated away its right to claim an interest in the property at the time summons was issued, April 17, 1964.

It is apparent from the record that counsel for appellant was talking in terms of value, and not property interests. His stipulation was in accord with section 1249 of the Code of Civil Procedure, which provides: ''For the purpose of assessing compensation and damages the right thereto shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken . . . ; provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the trial. . . .''

The case was not tried within one year after the issuance of summons, and the stipulation merely followed the provisions of section 1249.

The ownership *interest* in the property, or the right to be compensated as contrasted with the value or amount of compensation, is controlled by section 1249.1, that is, the time summons issues. (See Witkin, Summary of Cal. Law (1967

Supp.) Constitutional Law, § 221A, Compensation for Improvements, p. 869.)

■ The foregoing discussion is relevant to the question whether respondent, having acquired the landlord's interest in the real property after the service of summons, changed its relationship to appellant from that of condemner and condemnee to one of landlord and tenant. In short, can the condemner assert the landlord's right to require the tenant to remove the equipment? Since section 1249.1 governs the time for determining the interest of a condemnee, logically it follows that respondent-condemner cannot, by acquiring fee title to the property after issuance of summons, deprive appellant of its compensable interest established by sections 1249.1 and 1248b. When faced with precisely this question in *City of Los Angeles* v. *Allen's Grocery Co., Inc., supra,* the court held that the City of Los Angeles did not change its status from condemner to landlord by purchasing the property it was condemning, after service of summons. (P. 277.)

The judgment is reversed.

Conley, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied April 21, 1969, and respondent's petition for a hearing by the Supreme Court was denied May 21, 1969.