[Civ. No. 12386. Third Dist. Nov. 17, 1970.]

CITY OF STOCKTON, Plaintiff and Respondent, v.
ANDRE BASCOU, as Executor, etc., Defendant and Appellant.

COUNSEL

Louis T. Arbios and Forrest E. Macomber for Defendant and Appellant.

Monroe N. Langdon, City Attorney, and Daley, Brewer, Patridge & Garrett for Plaintiff and Respondent.

OPINION

BRAY, J.*—Appellant Lucien Bascou appeals from a court judgment (jury waived) denying recovery for the value of industrial equipment on property involved in this condemnation action.

QUESTION PRESENTED

The date of service of summons is the proper date for determining appellant's interest in the equipment involved herein and the date of trial of the action is the proper date of determination of its value.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

## FACTS

In February 1956 defendant Bernice L. Ritchie leased to appellant Lucien Bascou certain premises in Stockton for a term of three years, with the right to remove the equipment. Written extensions of the lease were executed, the last one expiring March 31, 1968. On November 10, 1967, this action in condemnation was commenced against the Ritchie property and summons issued, Mrs. Ritchie and appellant being joined as defendants. The record does not show the date of service of summons, but at oral argument counsel agreed that it was shortly after its issuance.

From April 1, 1968, until August 31, 1968 (approximately nine months after the issuance of summons herein) appellant occupied the premises under an oral month-to-month tenancy. During his tenancy appellant had built a bakery on the premises and installed several pieces of industrial equipment. It is the value of this equipment which is the subject of this appeal. After bringing this action, plaintiff proceeded to acquire the fee interest in the real property by deed recorded September 13, 1968. During negotiations leading to the purchase of the property, and as part of the negotiations, plaintiff persuaded Mrs. Ritchie to give appellant a 30-day notice to quit. The notice was given July 31, 1968, effective August 31. Appellant has failed to remove the equipment.[1]

In this condemnation action appellant's answer sought compensation for the bakery equipment installed by him during the term of his lease. The court granted plaintiff's motion for an order directing that the issue of plaintiff's liability, if any, to defendant precede the trial of any other issue in the action. The court ruled that appellant's interest in the property should be determined as of the date of trial (December 4, 1968, after defendant's right to possession had terminated) rather than as of the date of service of summons, a time when appellant was still in possession. As appellant had no right of possession to the real property as of the date of trial, the court denied appellant recovery of damages for the value of his equipment which was still on the premises.

The proper date of valuation.

In *Redevelopment Agency* v. *Diamond Properties* (1969) 271 Cal.App.2d 315 [76 Cal.Rptr. 269] (hg. den. May 21, 1969), the situation was similar to that in the case at bench. Diamond Properties had been operating a meat processing plant on certain Stockton property under a 10-year lease which had expired. It remained in possession thereafter under a month-to-

---

[1]On September 13, the day the deed was recorded, plaintiff filed an unlawful detainer action against appellant.

month tenancy. On March 5, 1964, Redevelopment Agency filed a complaint seeking to condemn the property, including Diamond Properties' interest therein. Summons was issued the same day. In negotiating with the owner of the real property, the agency persuaded her to give Diamond notice that its month-to-month tenancy would terminate on April 30, 1966, some two years after the filing of the condemnation complaint. Diamond remained in possession thereafter for approximately six months without paying rent. On May 6, 1966, Redevelopment Agency acquired title to the property by grant deed. At the trial of the condemnation action, Diamond contended that it was entitled to the value of its meat processing equipment which remained on the premises because of Code of Civil Procedure section 1248b, which provides: "Equipment designed for manufacturing or industrial purposes and installed in a fixed location shall be deemed a part of the realty for the purposes of condemnation, regardless of the method of installation." The reviewing court held that a tenant's right to compensation in condemnation does not rest upon his "right to possession as a tenant," but that "[w]here the tenant owns personal property that measures up to section 1248b, such personal property being 'deemed a part of the realty,' he has a compensable interest in the property which is separate and apart from his possessory rights." (P. 319.) Further, "[t]he ownership *interest* in the property, or the right to be compensated as contrasted with the value or amount of compensation, is controlled by section 1249.1, that is, the time summons issues. (See Witkin, Summary of Cal. Law (1967 Supp.) Constitutional Law, § 221A, Compensation for Improvements, p. 869)." (Pp. 320-321.)[2] The court further stated (at p. 321): "Since section 1249.1 governs the time for determining the interest of a condemnee, logically it follows that respondent-condemner cannot, by acquiring fee title to the property after issuance of summons, deprive appellant of its compensable interest established by section 1249.1 and 1248b." (To the same effect, *City of Los Angeles* v. *Allen's Grocery Co.,* 265 Cal.App.2d 274 [71 Cal.Rptr. 88]; *Concrete Service Co.* v. *State of California* ex rel. *Dept. Pub. Wks.,* 274 Cal.App.2d 142 [78 Cal.Rptr. 923].)

The trial court in denying appellant recovery based its decision on section 1249 of the Code of Civil Procedure and on *People* ex rel. *Dept. of Public Works* v. *Hartley,* 214 Cal.App.2d 378 [29 Cal.Rptr. 502]; *People* ex rel. *Dept. of P.W.* v. *Auman,* 100 Cal.App.2d 262 [223 P.2d 260]; and *Los Angeles County Flood Control Dist.* v. *Andrews,* 52 Cal.App. 788 [205 P. 1085], which cases had held, in effect, that where the tenant's lease terminated prior to trial, he had no interest in the condemnation award

---

[2]The statement that the date for determination of ownership interest is the time summons *issues* is a clerical error. Both section 1249.1 and Witkin state the date as the time of *service* of summons.

even though the lease was in existence at the time the action in eminent domain was filed and summons served. These cases were all decided prior to the enactment of sections 1248b and 1249.1.

Section 1249 provides, in pertinent part, that the measure of compensation for property taken in a condemnation action shall be determined as of the date of issuance of summons, unless through no fault of the defendant, the action is not brought to trial within one year after the commencement of the action, in which event the measure shall be determined as of the date of trial.

Section 1249.1 provides: *"All improvements pertaining to the realty* that are on the property at the time of the service of summons and which affect its value shall be considered in the assessment of compensation, damages and special benefits unless they are removed or destroyed before the earliest of the following times: . . ."* (Italics added.)

Section 1249 is primarily concerned with the time of determining the amount of compensation (value of the property condemned) once the *right* to compensation has been established. Under section 1249.1 the *right* to compensation for improvements to real property accrues at the time of the *service* of summons, the time of valuation being determined by section 1249.

The latest case on the subject is *City of Los Angeles* v. *Sabatasso,* 3 Cal. App.3d 973 [83 Cal.Rptr. 898], where the facts were almost on all fours with those in this case. There the city filed a condemnation action against the lessee of real property who had operated a bakery thereon and had installed equipment which made section 1248b applicable. This equipment under his lease, as in the case at bench, the tenant was entitled to remove. His lease had expired at the time the condemnation action was filed against him and he was then in possession under a month-to-month tenancy. However, before trial of the case that tenancy had been terminated. The trial court held that the defendant was not entitled to compensation. The reviewing court, however, held (at p. 977), "Sabatasso's status as a tenant from month to month, after the expiration of the last written lease . . . is sufficient to sustain a finding that he has a compensable interest if facts otherwise exist which are sufficient to bring his equipment within the provisions of section 1248b of the Code of Civil Procedure." The judgment was reversed and the case remanded to the trial court for further proceedings.

It is clear that in view of sections 1248b and 1249.1 the time of service of summons is to be referred to for determination of the condemnee's *interest* in equipment defined by section 1248b and that the time of *valuation* of that interest is determined by section 1249. As more than a year has expired since the filing of this action, through no fault of appellant, the

value of his interest will have to be determined as of the date of trial. Plaintiff's concern regarding risk of loss in case of the destruction of equipment before the valuation date is unfounded. The risk of loss remains with the owner until either title or possession is taken by the condemner. (*Redevelopment Agency* v. *Maxwell* (1961) 193 Cal.App.2d 414, 419 [14 Cal.Rptr. 170, 89 A.L.R.2d 1070].)

Appellant would have us hold that the provision in section 1249 fixing the valuation date as the time of trial, where through no fault of the defendant more than a year has expired since suit was filed, is solely for the benefit of the defendant, and that therefore if it is to his advantage to have the valuation determined as of the time of service of summons rather than the time of trial, he has the option of selecting the prior date.

A somewhat similar contention was made in *City of Los Angeles* v. *Tower* (1949) 90 Cal.App.2d 869 [204 P.2d 395], where the condemnation action was filed July 7, 1942. In December the condemner took possession of the property under court order. Summons was served May 5, 1945, and the trial was held October 8, 1947. The defendant contended that his property was of higher value on the date that possession was taken than it was at the time of trial. The trial court held, however, that section 1249 required that under the circumstances the time of trial was the proper date for the valuation. The reviewing court determined that section 1249 was controlling and affirmed the action of the trial court.

The judgment is reversed and the cause remanded to the superior court for a new trial in accordance with the governing law as set forth in this decision.

Pierce, P. J., and Regan, J., concurred.